THOMAS M. PLAISTED vs. CALEB O. PALMER.

*Lord's Day.*

The defendant sold a horse to the plaintiff on Sunday ; the plaintiff gave his bank check for the price of the horse on the same day ; the defendant at the same time deposited a bill of sale of the horse with a third person, to be delivered to the plaintiff when the check was paid ; the check was paid and the horse and bill of sale were delivered all on a secular day afterwards: *Held*, that an action of assumpsit to recover back the price paid for the horse on account of a deceit practiced in the sale would not lie, because based upon a transaction tainted with illegality.

ON EXECPTION.

ASSUMPSIT to recover one thousand dollars, paid by plaintiff for a horse under the circumstances stated in the opinion. The presiding justice ordered a nonsuit and the plaintiff excepted.

*W. H. McCrillis* and *A. W. Weatherbee* for the plaintiff.

*J. Crosby* and *A. M. Robinson*, for the defendant.

PETERS, J. The defendant sold a horse to the plaintiff on Sunday. The plaintiff gave his bank check for the price of the horse on the same day. At the same time a bill of sale of the horse was made, and deposited with a third person, who was to hold the same for the security of the defendant till the check was paid. The check was paid on Monday, and the horse and bill of sale were afterwards delivered to the plaintiff on a secular day. The plaintiff undertook to rescind the sale on account of a deceit alleged to have been practiced upon him by the defendant, and seeks to recover back, in an action of money had and received, the price paid.

There can be no doubt, that an action cannot be maintained in this State, either in tort or assumpsit, for a deceit practiced in the sale of a horse on the Lord's day. *Robeson* v. *French*, 12 Metc.,

Plaisted v. Palmer.

24; *Myers* v. *Meinrath*, 101 Mass., 366; *Northrup* v. *Foot*, 14 Wend., 248, cited approvingly in *Towle* v. *Larrabee*, 26 Maine, 468. The case of *Adams* v. *Gay*, 19 Vt., 385, may be regarded as almost a single authority the other way. But the plaintiff hopes to avoid the application of this doctrine to this case, upon the ground that both the horse and bill of sale were actually delivered to him upon a day other than the Lord's day. We do not see how that fact can enable him to do so. This court has decided that a contract made on Sunday is incapable of being confirmed or ratified by any act of the parties done on a subsequent day. *Pope* v. *Linn*, 50 Maine, 83; *Tillock* v. *Webb*, 56 Maine, 100. Where a contract is partially completed on Sunday, nothing done subsequently to that day, will relieve the transaction of the taint of illegality, unless such subsequent acts substantially amount to a new contract of themselves; as where what is done on the Lord's day is of the nature of conversation or proposition merely, and on another day a bargain or sale results therefrom. As in this case, if the horse had not been delivered till Monday, and the price had not been paid; the seller might recover not the price on Sunday agreed to be paid, but what the horse was reasonably worth. This would be upon the theory that there was, by implication of law, a new and different contract made on Monday, disregarding what was done the day before. *Bradley* v. *Rea*, 14 Allen, 20; and S. C., 103 Mass., 188. But the application of such a principle here will afford no relief to the plaintiff; for, if the sale could in this case be considered as having been really made on Monday, then there will be an absence of any fraud attending it, proof of which is necessary to the maintenance of the action. The deceit was not practiced on Monday. The facts, however, cannot bring this case within the doctrine of the cases referred to. The check was delivered on Sunday. The bargain of sale was completed on that day. The defendant held possession of the horse merely as a security for the purchase money till the check was paid. Had the same transaction taken place on a week day, there would have been a sufficient consideration for the check, and, in case of non-

payment, an action would lie upon it. So, too, the purchaser, after paying his check, could have maintained trover or replevin for the horse against the seller, had he refused to deliver him. The sale could be avoided by the seller only upon a condition subsequent that the check was not paid. *Finn* v. *Donahue*, 35 Conn., 216 ; *Mosely* v. *Hatch*, 108 Mass., 517.

It is contended that the plaintiff overcomes the obstacle thus presented to his right of recovery, inasmuch as he can trace his claim without a resort to the proof of that part of the transaction which took place on Sunday; that proof of the representations made on Saturday, together with the production of the papers bearing date of Monday, in which the sale and receipt of the purchase money are acknowledged by the defendant to have been as of that day, are sufficient *prima facie* evidence to establish the right to recover; and that the defendant cannot set up his own illegal act against it. But this is too strict an interpretation of the rule. It is true that a plaintiff can never recover where he has to trace his title through an illegal act. But it does not follow that he can recover where he technically avoids proof of the illegal act. The defendant can show that the plaintiff's evidence is not true. If the whole evidence, properly admissible on both sides, discloses the fact that the plaintiff's claim is founded in an illegal transaction, he cannot recover. A promissory note dated on a secular day, makes out a *prima facie* case. But that is defeated by proof that such note was in fact made and delivered on Sunday. So it is admissible to show when the bill of sale in this case was made and delivered, and when the consideration was paid. *Bank of Cumberland* v. *Mayberry*, 48 Maine, 198; *Myers* v. *Meinrath*, supra; *Cranson* v. *Goss*, 107 Mass., 439, 441.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON and DANFORTH, JJ., concurred.