THOMAS VS. HATCH.

*October 20 — November 3, 1881.*

CONTRACTS.  *(1) Sunday contract.   (4) Service by the month: absolute right of servant to leave at end of month.*
PRACTICE.  *(2) Amendment of complaint.   (3) Motion for terms.*

1. A contract of hiring made on Sunday is void under the statute.
2. In an action upon a special contract which the proof shows to have been void, it is not error to permit an amendment of the complaint, after verdict, in accordance with the proofs, so as to make it go on a *quantum meruit;* especially where the answer tenders an issue in *quantum meruit.*
3. If defendant objects to an amendment of the complaint, otherwise proper, on the ground that he is not prepared to meet the issue made thereby, he should ask for the imposition of *terms,* on propei proofs.
4. Under a contract for service by the month, not otherwise fixing any time of service, damage resulting to the employer from the servant quitting the employment at the end of any month, is no ground of recovery.

APPEAL from the County Court of *Winnebago* County.

Action for services rendered by the plaintiff to the defendant as a farm hand from May 3 to July 3, 1880, at $20 per month.   The complaint alleges a special contract for the work at the above price per month, but for no specified time, and that the plaintiff left the service of the defendant by reason of sickness and inability to work.   The answer alleges that the contract of hiring was for seven months, at the agreed price of $140; that the plaintiff left defendant's service at the end of two months without lawful excuse; that plaintiff's services were not reasonably worth to exceed $30; and that the defendant suffered certain specified damages by reason of the premises, for which he claims judgment.   On the trial in the county court, the jury found specially that there was a contract between the parties that the plaintiff should work for the defendant for $20 per month; that no time of service was agreed upon; that the contract was made on Sunday; that the value of plaintiff's services was $20 per month; and that the defend-

Thomas vs. Hatch.

ant was damaged five dollars by reason of the plaintiff leaving his service when he did. After verdict, the court permitted the plaintiff to amend his complaint by alleging therein that the contract was made on Sunday, and that plaintiff's services to the defendant were worth $40. The court thereupon rendered judgment for the plaintiff on the special verdict for $40 damages, besides costs. The defendant appealed from the judgment.

*W. B. Felker*, for the appellant.

For the respondent there was a brief by *Crozier & Tyrrell* and *Gabe Bouck*, and oral argument by *Mr. Bouck*.

LYON, J. We think the record fails to disclose any error. The jury found that the contract of hiring mentioned in the pleadings was made on Sunday. It was therefore void, and on proper pleadings the plaintiff would be entitled to recover for his services *quantum meruit*. The court allowed the complaint to be amended after verdict to agree with the proofs. It was clearly within the discretion of the court to permit the amendment. R. S., 756, § 2830. It does not change the claim substantially, for it still remains a claim for two months' services. It only goes to the rule of compensation therefor. Moreover, the defendant's answer tenders an issue *quantum meruit* — the same issue raised by the amendment. Neither is it a sufficient objection to the allowance of the amendment that the defendant was or may have been unprepared to meet the new issue. If it took him by surprise, his remedy was to make that fact appear to the court, and the court would have protected his rights by the imposition of proper terms as conditions precedent to allowing the amendment. The amendment having been properly allowed, the special findings are within the issue and are supported by testimony; and, beyond all question, the judgment is sustained by the findings. The finding of damages to the defendant is entirely immaterial, for the reason that the other findings negative the defendant's right

to recover any damages, and the court properly disregarded it and gave judgment for the full value of the services as found by the jury.

*By the Court.*— Thė judgment of the county court is affirmed.