74        SUPREME COURT OF IOWA,

The Palo Alto Banking and Investment Co. et al. v. Mahar et al.

THE PALO ALTO BANKING AND INVESTMENT CO., FOR ITSELF
AND OTHERS, V. MAHAR ET AL.

1. **Injunction**: PRACTICE: MOTION TO DISSOLVE: AFFIDAVITS.   Under
section 3399 of the Code, where an injunction has been allowed without
an opportunity to defendant to show cause against it, defendant may,
*upon his answer alone, without affidavits*, move the judge for its vaca-
tion; and in such case the plaintiff may support his petition by affi-
davits.

2. **Equity**: JURISDICTION: FRAUD AND CONSPIRACY: INJUNCTION.
Equity will grant an injunction to defeat a fraudulent conspiracy,
wherein a deed is sought to be defeated on the false claim that it was
forged, and is therefore void; and in such case it will not be particular
to inquire whether the conspiracy might not be defeated by some other
remedy.

3. **Parties**: COMMON INTEREST: SUIT BY ONE FOR BENEFIT OF ALL: Code,
§ 2549.   Where the parties interested are numerous, and it is impracti-
cable to bring them all before the court, and they have a common interest
in the subject of the litigation, arising from the fact that they all hold
land under the conveyance which defendants fraudulently seek to defeat,
one of them may prosecute an action for the benefit of all, to enjoin the
consummation of the fraud, under Code, § 2549,—following *Brandirff v.
Harrison Co.*, 50 Iowa, 164; *Fleming v. Mershon*, 36 Iowa, 413, distin-
guished.

4. **Injunction**: FRAUDULENT CONSPIRACY: PARTIES.   One who is about
to receive a conveyance of land, in consummation of a conspiracy to de-
fraud the true owner thereof, is a proper party defendant to an injunction
suit to defeat the conspiracy.

5. ———: ———: ———: INNOCENT PUBLIC OFFICER: COSTS.   In such a
case it is proper to make the county recorder a party, and to enjoin him
from recording the fraudulent conveyance, though no charge of fraud is
made against him; but he should not be adjudged to pay any costs.

6. **Practice in Equity**: RELIEF. UNDER GENERAL PRAYER.   Where a
petition in equity, besides asking for an injunction, makes the broad and
general prayer for all equitable relief to which plaintiff is entitled, the
court's power to grant relief is as broad and general as the prayer.

7. **Equity**: SUIT BY ONE FOR BENEFIT OF MANY: PARTIAL RELIEF:
OBJECTION BY DEFENDANTS.   It is not for defendants to defeat an
action on the ground that the persons for whose benefit plaintiff sues
will not obtain full relief therein.

*Appeal from Palo Alto Circuit Court.*
FRIDAY, OCTOBER 24.

ACTION in chancery to enjoin defendants from conveying certain lands described in the petition. A temporary injunction was allowed, and after answer a motion to dissolve it, made at chambers, was overruled. From the order overruling this motion defendants appeal.

*John Jenswold, Jr.,* and *Thomas F. Taylor,* for appellants.

*Soper, Crawford & Carr,* for appellees.

BECK, J.—I. The petition, which is duly verified, alleges that defendant Mahar, who was the owner of the lands in question, conveyed them in 1861 to one Griffin by a valid deed of warranty, acknowledged and recorded as required by law; that Austin Corbin and John Lawler acquired title to the lands under Griffin, and in 1874 caused the lands, or a large portion thereof, to be laid off and platted as village lots, and the whole of the premises was made an addition to and became a part of the town of Emmetsburg; that Corbin and Lawler conveyed the lots to plaintiffs named in the petition, and to others, for whose benefit the action is prosecuted, who have made thereon permanent improvements of great value; that in the deed executed by Mahar to Griffin certain errors and irregularities appear, which render it technically defective; and that Mahar claims that the deed was not executed by him, and is a forgery. The petitioner further alleges that the deed was executed and delivered by Mahar for a sufficient consideration; that Mahar has all the time been a resident of the county, and has not heretofore made any claim that his deed is invalid, or that he holds any title or interest in the property; that the defendants, conspiring together, are fraudulently attempting to deprive plaintiff of the property by means of a conveyance by Mahar to defendants, Jenswold & Taylor, who discovered the irregularities in the deed to Griffin, and that conveyances of the property are about to be made by defendants to innocent parties. The recorder of deeds

of the county, Walsh, is made a defendant, but no charge of
fraud, or anything illegal or improper, is made against him.
The defendants answered the petition, denying its allegations,
and thereupon moved, at chambers, to dissolve the injunction.
The plaintiff, at the hearing of the motion, filed affidavits in
support of the allegations of its petition. We will proceed
to the consideration of the objections urged by defendants to
the rulings of the circuit judge upon the motion, as well as
his order overruling it.

II.   It is first insisted that the circuit judge erroneously
permitted plaintiffs to present affidavits in support of its peti-

1. INJUNC- tion, and erroneously considered the proof pro-
TION: prac-
tice: motion duced in that manner. The statute provides that
to dissolve:
affidavits. where a temporary injunction has been allowed,
without an opportunity to defendants to show cause against
it, an application may be made, to the judge allowing the
injunction, to vacate it.  Code, § 3399.  "Such application
must be with notice to the plaintiff, and may rest upon the
ground that the order was improperly granted, or it may be
founded upon the answer of defendants and affidavits.  In
the latter case, the plaintiff may fortify his application by
counter-affidavits, and have reasonable time therefor."  Sec-
tion 3400.  This section provides that the motion may be
based upon two grounds:  *First*, the improper granting of
the injunction, which would occur if, upon the face of the
petition, it shows that the plaintiff is entitled to no relief, or
if the writ was issued irregularly, or in proceedings
wherein it is not authorized by law;  *Second*, the answer of
defendants and affidavits, denying the allegations of the peti-
tion, and contradicting the facts therein set out as grounds
of relief.  When the motion is based upon the grounds last
specified, *i. e.*, the denial of the allegations of the petition by
answer and affidavits, the plaintiff may file *counter*-affidavits;
that is, affidavits which are contrary to or against the matters
set up by defendant.  This the circuit judge permitted in this
case.  Counsel for defendants insist that counter-affidavits

cannot be filed by a plaintiff to support his petition, unless both an answer and affidavits are filed by the defendant. If this be so, then a defendant cannot base a motion to dissolve upon an answer alone, for it is plain that counter-affidavits, in all cases wherein the motion is based upon the denial of the facts alleged by the petition, may be filed. This conclusion, if correct, would defeat defendants' motion, for they filed no affidavits. But it cannot be doubted that the defendant may base his motion on the answer alone, and in that case the petition may be supported by affidavits.

III. It is urged that equity will not interfere to enjoin a party from conveying any interest he may hold in land, and *2. EQUITY: jurisdiction: fraud and conspiracy: injunction.* will not permit the writ of injunction to be used as a remedy to settle titles. These principles, and others stated in connection with them, may be admitted. But they leave out of view the doctrine that equity will use all of its powers to circumvent fraud, and will delight to use the writ of injunction to defeat conspiracy. This is not a simple case of conflicting titles and claims to land, as presented by the petition, but is a case of fraudulent conspiracy, wherein a deed is sought to be defeated on the false claim that it was forged, and is therefore void. The defendants, other than the recorder, are charged with a corrupt confederation to make and accept deeds with the intention of transferring their title to innocent purchasers. The prejudice resulting to plaintiff is alleged in the petition, and, indeed, would be presumed, in the absence of allegations thereof. Equity will not, in such cases, be particular to inquire into the precise effect of the fraud, or whether there may not be some other remedy than by injunction which will defeat it. The fraudulent confederation being shown, equity will lay its hand heavily upon the conspirators, and arrest their efforts to wrong their intended victims. The familiar doctrines upon which these conclusions are based need no support by citations from adjudged cases.

IV.   Counsèl for defendants contend that plaintiff is not authorized to prosecute this action for the benefit of other persons for whom they sue, and that these persons and plaintiff cannot be joined in the action. Code, § 2549, provides that, "when the question is one of a common or general interest to many persons, or when the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the whole." The petition avers the existence of facts which bring the case within this provision. It shows that the parties interested are numerous; that they have a common interest in the subject of the litigation, arising from the fact that they all hold land under the conveyance which defendants seek fraudulently to defeat. Counsel cite *Fleming v. Mershon,* 36 Iowa, 413, in support of their position, upon the supposition that it decides that several tax-payers cannot unite in the prosecution of an action to enjoin the collection of an illegal tax. The question upon which the case is cited was not decided by a majority of the court, two justices only concurring therein. Another justice dissented, and a fourth withheld his concurrence upon the point, expressing no opinion thereon. The case was decided upon another point. In *Brandirff v. Harrison County,* 50 Iowa, 164, in an opinion concurred in by all the justices, this court announced the contrary doctrine, holding that an action to restrain the collection of a tax could be jointly prosecuted by several tax-payers. It cannot be denied that, in a case wherein parties may jointly sue, one may prosecute an action for the benefit of others having a common interest, as contemplated by Code, § 2549.

*3. PARTIES: common interest: suit by one for benefit of all: Code, § 2549.*

V.   It is insisted by counsel for defendants that the petition shows no cause for an injunction against Jenswold and Taylor. We think differently. It alleges that these defendants are about to receive a conveyance of the property, and are conspiring with

*4. INJUNCTION: fraudulent conspiracy: parties.*

Mahar to defraud plaintiffs. This allegation is supported by the affidavits filed by plaintiffs.

VI. It is urged that defendant, Walsh, cannot be restrained from the discharge of official duties which the law requires him to perform as recorder of deeds. An officer may be made a party to an action to restrain him in the performance of official duties, when the discharge of these duties will be the means of consummating or aiding fraudulent purposes, or of working oppression or injustice. While the officer is guilty of no wrong or unlawful purpose, his official act may result in wrong, and through it fraudulent conspiracies may be carried out. He will be restrained from acting, but no costs will ordinarily be adjudged against him. The collection of taxes, the execution of deeds by sheriffs and county treasurers, and like official acts, may be restrained in actions wherein the proper officers are made parties.

*5. ———: ———: inno-cent public officer: costs.*

VII. It is lastly insisted that the circuit judge erred in not sustaining the motion, for the reason that the petition does not seek an adjudication of the title. Counsel seem to think that the only relief claimed in the petition is an injunction. It is difficult to see how an injunction could be made, upon trial, perpetual, without an adjudication of all the facts upon which it is prayed. These involve the title of the property. Hence, the title, of necessity, must be adjudicated in the action. But the plaintiff makes the broad and general prayer for all equitable relief to which it is entitled, as well as for an injunction. Under this prayer, it can, if it shows itself entitled to it, have a decree quieting its title in the lots owned by it. So the decree can quiet the title of all persons for whose benefit it sues. See Story, Eq. Pl., § § 40, 41.

*6. PRACTICE in equity : re-lief under general pray-er.*

VIII. Counsel for defendants suggest difficulties as to the form and effect of a decree granting relief upon the

7. EQUITY: suit by one for benefit of many: partial relief: objection by defendants. petition in this case. We think they do not exist. If the evidence authorize such relief, the court, upon the final hearing, may certainly quiet the title in plaintiff, and perpetually enjoin defendants from conveying the lands or receiving conveyances therefor, and may restrain the recorder from recording any conveyances made by or to defendants for the lands or any part thereof. The plaintiff will be entitled to full relief, and the persons for whom it sues will receive relief, so far as it can be given, by enjoining the execution and recording of deeds. It is certain that the relief may go thus far, and it is possible that it may go farther and quiet the title of all persons claiming under Mahar's deed to Griffin. But this point we do not decide. Plaintiffs, by amendments, may bring all parties interested before the court, and other proceedings may be had which will effectuate justice. It is not for defendants to defeat the action on the ground that the persons for whose benefit plaintiff sues will not recover full relief. We have considered, as fully as their character demands, all questions argued by counsel, and reach the conclusion that the order of the judge of the circuit court ought to be

AFFIRMED.