Vinz vs. Beatty.

## Vinz vs. Beatty.

*November 28 — December 16, 1884.*

*Lease executed on Sunday: Ratification: Subsequent occupation and payment of rent.*

Where · a written lease is executed on Sunday and the lessee enters into possession on that day, the lease is absolutely void and incapable of ratification. Subsequent occupation of the premises and payment of rent by the lessee will create a tenancy, the terms of· which will depend upon express contract or a contract implied from the acts of the parties; but the void lease cannot be resorted to to determine such contract.

APPEAL from the Circuit Court for *Green Lake* County. The case is stated in the opinion. The written lease in question was dated October 4, 1879 (Saturday), and by its terms possession of the premises was to be given on October 6 (Monday). But it seems to have been admitted on the trial that the lease was in fact executed and possession delivered on Sunday.

From the judgment in the circuit court in favor of the plaintiff the defendant appealed.

For the appellant there was a brief by *Geo. D. Waring*, of counsel, and oral argument by *W. W. D. Turner*. To the point that the lease was void and incapable of ratification, they cited, besides cases cited in the opinion: *De Forth v. W. & M. R. R. Co.* 52 Wis. 320; *Simpson v. Nicholls*, 3 Mees. & W. 240; *Towle v. Larrabee*, 26 Me. 464; *Hilton v. Houghton*, 35 id. 143; *Nason v. Dinsmore*, 34 id. 391; *State v. Suhur*, 33 id. 539; *Allen v. Deming*, 14 N. H. 133; *Lyon v. Strong*, 6 Vt. 219; *Adams v. Gay*, 19 id. 358; *Robeson v. French*, 12 Met. 24; *Pattee v. Greely*, 13 id. 284; *Wright v. Geer*, 1 Root, 474; *Northrup v. Foot*, 14 Wend. 248; *Morgan v. Richards*, 1 Browne (Pa.), 171; *Kepner v. Keefer*, 6 Watts, 231; *Adams v. Hamell*, 2 Doug. (Mich.), 73; *Shippey v. Eastwood*, 9 Ala. 198.

For the respondent there was a brief by *Fish & Comstock* and *Perry Niskern*, attorneys, and *Geo. E. Sutherland*, of counsel, and the cause was argued orally by *Mr. Sutherland*. They contended, *inter alia*, that the lease was rendered binding by the subsequent occupation and payment of rent according to its terms. *Melchoir v. McCarty*, 31 Wis. 252; *Harrison v. Colton*, 31 Iowa, 16; Story on Cont. sec. 619; *Tucker v. West*, 29 Ark. 386; *Stebbins v. Peck*, 8 Gray, 553; Taylor on Landl. & T. secs. 93, 137; *Flinn v. St. John*, 51 Vt. 334; *Gomber v. Hackett*, 6 Wis. 324; *Jolly v. Single*, 16 id. 280; *Clark v. Jones*, 1 Denio, 518; 1 Washb. on R. P. *305; *Silsby v. Allen*, 43 Vt. 172; *Cummins v. Lods*, 1 McCrary C. C. 338. Having received all the benefits of the contract and having led the plaintiff to believe that he regarded it as valid, the defendant is now estopped to deny its validity. *Wilson v. Winter*, 6 Fed. Rep. 16; *Miller v. McManis*, 57 Ill. 126; Herman on Estoppel, 458. If the lease is void, the subsequent entry, occupation, and payment of rent created a tenancy; and that tenancy is to be regulated, as to the amount and time of payment of the rent, by the lease. *Koplitz v. Gustavus*, 48 Wis. 48; *Laughran v.*

*Smith,* 75 N. Y. 205; Taylor on Landl. & T. (3d ed.), secs. 32, 80; *Emmons v. Scudder,* 115 Mass. 367; *Bradley v. Covel,* 4 Cow. 350.

COLE, C. J.   The plaintiff brought this action of unlawful detainer in a justice's court to obtain possession of premises after the defendant had made default in the payment of rent alleged to be due.   The three days notice in writing was duly served, requiring the defendant to pay the sum of $500 rent due, or surrender the possession of the premises.   The plaintiff had judgment before the justice, and an appeal was taken to the circuit court, where the cause was tried by the court upon the pleadings and upon an admitted state of facts. The complaint alleges that the plaintiff, on the 6th day of October, 1879, leased to the defendant a certain flouring-mill, with appurtenances and a dwelling-house, for five years, with a privilege of ten years, at an agreed rent of $1,000 per annum, to be paid monthly after the first three months, the defendant having the privilege to put in certain machinery in the mill, at a cost not exceeding $1,200, which $1,200 was to be apportioned and abated out of the monthly payments during the first three years, as specified.   In his answer the defendant denied that any rent was due.   On the trial a written lease was given in evidence on the part of the plaintiff, bearing date October 4, 1879, containing stipulations as to payment of rent as set forth in the complaint.   By the lease the plaintiff was to give possession of the premises on the 6th day of October, 1879.   The defense was that the lease was made and executed on Sunday, and that possession of the mill was delivered on that day.   The defendant admitted that he entered into possession on Sunday, and had continued in possession to the commencement of the action; had paid rent and acted under the lease ever since it was executed.   On this admission the learned circuit court held, as we understand the decision, that though the lease was ex-

ecuted on Sunday, and the defendant entered into possession on that day, still by continuing in possession and paying rent he ratified the lease and made it a valid contract. Judgment for a restitution of the premises was accordingly given.

The case is not very satisfactorily presented on the record. But, assuming that we do not misapprehend the admissions of the parties and the findings of the court, we cannot see how the judgment can be sustained. Certainly, the court was clearly wrong in holding that a subsequent occupation of the premises and the payment of rent would render valid the written contract which was offered in evidence. That lease was absolutely void, under the decisions of this court, and was incapable of ratification. *Moore v. Kendall*, 2 Pin. 99; *Hill v. Sherwood*, 3 Wis. 343; *Melchoir v. McCarty*, 31 Wis. 252; *Troewert v. Decker*, 51 Wis. 46; *Thomas v. Hatch*, 53 Wis. 296. The parties could not ratify an illegal contract, though they might make a new one with reference to the same subject, on a subsequent week-day. *Harrison v. Colton*, 31 Iowa, 16. "But any arrangement or agreement between the parties on any subsequent day, whether direct and express, or implied from their dealings with each other's property, would be a new and independent transaction. It is not quite accurate to speak of the 'ratification' by a party of something which the law forbids, and which is made void, not from any want of his full consent, but in spite of it." *Day v. McAllister*, 15 Gray, 433, 434. To the same effect are *Pope v. Linn*, 50 Me. 83; *Plaisted v. Palmer*, 63 Me. 576.

In this case subsequent occupation and payment of rent would doubtless create a tenancy *(Stebbins v. Peck*, 8 Gray, 553), the duration of which would depend upon express contract, or a contract implied from the acts of the parties. Where the tenant entered into possession under a verbal lease which was void by the statute of frauds, paying rent at the

end of the first year, it was held to create a tenancy from year to year (*Koplitz v. Gustavus*, 48 Wis. 48; *Laughran v. Smith*, 75 N. Y. 206); where the rent was paid monthly it was held to be a tenancy at will (*Huyser v. Chase*, 13 Mich. 98). Now, while it is entirely clear that the relation of landlord and tenant subsisted between these parties, it does not appear what that tenancy was, whether from year to year, or at will, or at sufferance. It is impossible to determine from the admissions of the parties or the findings of the court what it was. The written instrument offered in evidence, as we have said, was void. It was not competent to prove the contract by it. What, then, was the contract as to the payment of rent? This must be determined without regard to the terms of the written agreement. This logically follows from the fact that that agreement was void, and could not be resorted to to determine the contract of the parties. It was assumed, on the argument on the part of the plaintiff's counsel, that rent was due and payable monthly at the rate of $1,000 per annum, and had been paid at this rate, but we do not find proof of the fact in the record.

This summary remedy can only be resorted to when there is a holding over without permission of the landlord where the term has been terminated by the proper notice; or where such holding over is contrary to the conditions or covenants of the lease; or after rent has become due according to the terms of the lease and remains unpaid for the space of three days after demand and notice. This action is for the latter cause — for failure to pay rent according to the terms of the lease. In such a case, after demand and notice, the tenant is considered by this statute to be a wrong-doer or wrongfully holding possession. *Ela v. Banks*, 32 Wis. 635. It would be oppressive and unjust to give this summary remedy where there was any doubt about rent being due. The only question which the court below passed upon seems

to have been, admitting the written lease to have been made on Sunday, and possession delivered on that day, still whether continued possession under the written lease and payment of rent was not in law a ratification of that agreement so as to make it valid. Holding these acts did amount to such ratification, there was no inquiry as to the payment of rent or as to when it would become due, according to the dealings of the parties aside from the written agreement, which was incompetent evidence. Under these circumstances we think the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.*—It is so ordered.