PEARSON, Respondent, vs. KELLY, Appellant.

*September 27—October 18, 1904.*

*Contract made on Sunday: Invalidity: Pleading: Special verdict: Costs.*

1. In an action for services, where the proof showed that the express contract on which the claim was based was made on Sunday and there was no claim *quantum meruit*, there could be no recovery even though the answer did not assert the invalidity of the contract but merely alleged that its terms were 'different from those stated in the complaint.

2. When a special verdict is requested, under sec. 2858, Stats. 1898,
   it is error to refuse it and to submit the case for a general
   · verdict.
3. Where the trial court erroneously denied a motion for a new
   trial, upon reversal of such ruling the moving party will be
   relieved from motion costs imposed upon him.

APPEAL from a judgment of the circuit court for Vilas
county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

The cause of action, as stated in the complaint, is:

"That on and between the 16th day of April and the ·30th
day of June, 1903, inclusive, the plaintiff rendered and per-
formed work, labor, and services at defendant's logging camp
in Vilas county for a period of fifty-nine and three-fourths
days, for which work, labor, and services the defendant prom- .
ised and agreed to pay the plaintiff the sum of $35 per
month; that the defendant is now indebted to the plaintiff
for said labor, performed as aforesaid, in the sum of $76.50."

. Plaintiff asked judgment for this amount, and for his costs
and disbursements. The complaint alleges no claim on *quan-
tum meruit*, nor was any proof offered of the value of the
services.

The answer admits that the services were performed for
the period claimed, but alleges that:

"It was expressly agreed and understood that the defend-
ant was to pay the plaintiff for his work, labor, and services
rendered the sum of one dollar ($1) per day for each and
every day, and that, in case said plaintiff remained in the em-
ploy of said defendant until he completed the logging job on
hand at his logging camp in Vilas county, referred to in the
complaint, then in such case the defendant agreed to pay the
plaintiff a sum in addition to one dollar per day to make the
wages paid for such services equal to thirty-five dollars ($35)
per month.

"Further answering, defendant alleges that the plaintiff
quit work before the completion of the contract agreed upon,
as hereinbefore referred to, at the camp of the defendant, and
thereupon the defendant offered to pay the plaintiff the sum
of fifty-five and eighty one-hundredths ($55.80) dollars,
being one dollar per day for the services rendered, less the

sum of three and ninety-five one-hundredths ($3.95) dollars camp account, and that the plaintiff refused to accept such sum."

Plaintiff did not remain until the completion of the logging job. The answer was accompanied by an offer of judgment for the sum of $55.80 damages, with interest thereon from June 30, 1903, with the costs and disbursements of the suit.

Judgment was rendered in favor of plaintiff for the full amount of his claim and for $12 costs. This judgment was appealed to the circuit court for Vilas county, where the case was tried before a jury at the December term, 1903.

In the absence of the defendant, his foreman put plaintiff at work. Plaintiff did not speak to the foreman about wages, and with reference to the rate of his wages and the time when this was settled upon he testified:

"Cannot remember the day I talked with *Kelly*. I had been working for a few days. I went to him to find out what my wages would be. He told me they would be $35 a month. This was in his house; I believe in the evening—in the afternoon some time. *Q.* Was it after you came from your work in the evening? *A.* I think it was on Sunday. *Q.* You say it was Sunday, and you were not busy, and you went in there, and thought you would find out what the wages were? *A.* Yes, he was not busy then. Both of us had lots of time."

This is all the evidence as to the time of the making of the contract. There was conflicting evidence as to the period during which plaintiff was to remain in defendant's employ. Plaintiff's testimony supported the averments of the complaint, and defendant's testimony supported the answer.

It appears that defendant demanded a special verdict after the jury was impaneled and before testimony was taken. Before argument of the case, counsel for defendant proposed that the following questions be placed in the special verdict:

"Was it understood and agreed between the plaintiff and defendant that, if plaintiff would work until the end of the

logging job, his wages would be $35 a month?" or "Was the wages of $35 a month, as evidenced between the plaintiff and defendant, made dependent upon the plaintiff's continuing in the employment of the defendant until the end of the logging job?"

The court did not submit a special verdict. ·Defendant's motion for a new trial upon the minutes of the court was overruled, and $10 was imposed as costs of the motion. This is an appeal from a judgment for the full amount claimed.

The cause was submitted for the appellant on a brief by *John Barnes,* attorney, and *E. D. Minahan,* of counsel, and for the respondent on a brief by *Colman & Colman.*

SIEBECKER, J. This is an action to recover the sum of $76.50, which is claimed to be due as wages for fifty-nine and three-fourths days of service rendered to the defendant. It is alleged that this sum is due upon an express contract, whereby defendant agreed to pay plaintiff for the services at his logging camp at the rate of $35 per month. That the services were rendered, and for the period alleged, is not denied, but it is claimed that the contract for services stipulated that, if the plaintiff should remain and continue in defendant's employ until the logging job upon which defendant was then employed should be completed, he would pay him at the rate of $35 per month, otherwise the compensation should be at the rate of $1 per day for the period of service. It appears that plaintiff did not remain in defendant's employ until the logging job in question was completed. The defendant tendered plaintiff payment for the services at the rate of $1 per day, and this was rejected.

The complaint alleges no claim upon *quantum meruit,* nor was any proof offered of the value of the services. If a recovery is had, it must be on the contract established by the plaintiff. The undisputed evidence establishes that the contract relied upon was made on Sunday. It has been repeatedly

held by this court that contracts made in violation of the statute forbidding the doing of any business on Sunday are void and cannot be made the basis of a recovery in the law. *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787; *Thomas v. Hatch,* 53 Wis. 296, 10 N. W. 393; *Howe v. Ballard,* 113 Wis. 375, 89 N. W. 136; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221. Defendant does not assert the invalidity of the contract in his answer upon the ground that it was made on Sunday, but alleges the agreement differed from the one relied upon by the plaintiff in his complaint. This, however, does not preclude him from insisting that plaintiff cannot enforce a contract made in violation of the Sunday law. As observed in the case of *Cohn v. Heimbauch,* 86 Wis. 176, 56 N. W. 638: "The courts will neither enforce nor set aside a contract which is illegal (and not fraudulent) from being made on Sunday." This is upon the principle that purity in the administration of the law forbids courts from entertaining a suit upon a cause of action arising out of a contract in violation of a statute, or which is void as against public policy. To entertain such actions would aid the parties to enforce agreements which are repugnant to public policy. Parties to such an agreement are deemed equally guilty in the eye of the law, and must be left to suffer the consequences of their transgression and meet with the disapproval of the courts, in denying them the usual remedies of the law. *Melchoir v. McCarty,* 31 Wis. 252; *Clarke v. Lincoln L. Co.* 59 Wis. 655, 18 N. W. 492, and cases cited. The consequence is that plaintiff failed to show any ground upon which a recovery can be predicated, and his complaint should be dismissed.

Though this conclusion disposes of the case, one of the errors assigned needs to be specially noted. Before argument was made or waived, defendant requested a special verdict if the case was submitted to the jury. This the court refused, but submitted the case to the jury for a general verdict. There is nothing to show upon what ground that re-

·quest was disregarded or refused. The statute (sec. 2858, Stats. 1898) is plain and clearly mandatory in terms, and requires the court to submit special verdicts covering the material issues of fact when requested by the parties. *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003; *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514. It was error to refuse the request and to submit the case for a general verdict. Defendant's motion for a new trial should have been granted upon this ground, since the court ruled that plaintiff's right to recover was to be submitted to the jury upon the ·evidence. This reverses the court's ruling upon the motion for a new trial, and relieves defendant from the motion costs imposed upon him, and disposes of the question of whether those motion costs were properly allowed against him..

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.