KING, Respondent, vs. GRAEF and another, Appellants.

*October 3—October 20, 1908*

*Sunday: Contracts: Validity: Sale: Delivery and payment on secular day: Warranty of quality.*

1. A contract of sale made on Sunday is void and is not susceptible of ratification.

2. An oral agreement for the sale of a carload of potatoes was made on Sunday. On Monday they were delivered and paid for. *Held*, that such delivery and payment were not mere incidents of the Sunday transaction, but in themselves constituted a complete contract of sale and delivery.

3. At the time of the sale of a carload of potatoes in sacks some of the sacks were opened and the potatoes found to be all right. The sacks could not all be opened and examined without the expenditure of much time. There was evidence that the vendors represented to the vendee that the rest of the potatoes were as

good as those examined and that the vendee relied on such representation and paid for the potatoes, but upon promptly unloading the car found that about 100 bushels had been frozen, probably in transit. *Held* sufficient to warrant a finding by the jury that there was an express warranty and a breach thereof.

4. In such a case, if there had been no express warranty, the vendee might recover for breach of an implied warranty of quality.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed*.

This action was brought to recover damages for breach of warranty. The defendants shipped a carload of potatoes from Hortonville to Watertown in February, 1906, the car arriving at its destination on Sunday morning, February 9th. During the day the agent of the defendants, who was in charge of the car, made an oral agreement with the plaintiff, whereby he agreed to sell the plaintiff the carload of potatoes at fifty-eight cents per bushel. The evidence further tended to show that the agent represented that the car of potatoes sold was as good in every respect as other potatoes formerly sold by the defendants to the plaintiff, and that the potatoes formerly sold were a good, merchantable article. Nothing more was done by the parties on Sunday, but on Monday morning the potatoes in the car were weighed, some twenty sacks in the car were opened and examined, and the potatoes were delivered to the plaintiff and were paid for by him without any further examination, or without any opportunity to examine them, except by unloading them from the car and opening the sacks. The testimony also tended to show that on Monday the agent in charge of the potatoes represented to the plaintiff that all of the potatoes in the car were as good in quality as those examined, and that plaintiff relied on such statement. Upon unloading the car it was found that 100 bushels of the potatoes contained therein were frozen, and the evidence tended to show that they were frozen in transit, probably because of an accident to the car at Fond du Lac. On February 13th the plaintiff notified the defendants of the condition of the potatoes and demanded

settlement for the worthless potatoes found in the car.   Payment was refused and this action was brought, which resulted in a trial and judgment for the plaintiff for damages sustained by reason of the potatoes in the car being frozen, from which judgment this appeal is taken.

Two errors are alleged: (1) That the contract was made on Sunday and is therefore void and cannot furnish any basis for recovery in any action; (2) that no express or implied warranty followed the sale in any event, and that therefore the plaintiff could not recover.

For the appellants the cause was submitted on the brief of *A. M. Spencer.*

For the respondent there was a brief by *Giles H. Putnam* and *Gustav Buchheit,* and oral argument by *Mr. Putnam.* They cited *Taylor v. Young,* 61 Wis. 314; *Harrison v. Colton,* 31 Iowa, 16; *Adams v. Gay,* 19 Vt. 358; *Butler v. Lee,* 11 Ala. 885.

BARNES, J.   It is well settled that contracts made in violation of the statute forbidding the doing of any business on Sunday are void and cannot be made the basis of a recovery in the law.   *Pearson v. Kelly,* 122 Wis. 660, 664, 100 N. W. 1064; *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787; *Thomas v. Hatch,* 53 Wis. 296, 10 N. W. 393; *Howe v. Ballard,* 113 Wis. 375, 89 N. W. 136; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205.   Neither can a contract made on Sunday be validated by proving acts tending to show a ratification, because such a contract is void and is not susceptible of ratification.   *Jacobson v. Bentzler,* 127 Wis. 566, 107 N. W. 7; *Troewert v. Decker,* 51 Wis. 46, 8 N. W. 26; *Brown v. Gates, supra; Vinz v. Beatty, supra; Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095.   If the acts done on Monday were mere incidents to the Sunday transaction they would not save it from the condemnation of the statute.   *Jacobson v. Bentzler, supra.*   It follows that, in determining the rights of the parties here, the Sunday

transaction must be eliminated from consideration. In this case the potatoes were not weighed nor delivered until Monday and no part of the purchase price was paid until Monday. The agreement of Sunday was void under the statute of frauds (sec. 2308, Stats. 1898), even if it were not subject to any other infirmity. It might, of course, if made on a secular day, be validated by partial or complete performance. It was perfectly lawful for the defendants to deliver, and for the plaintiff to pay for, a carload of potatoes on Monday. These acts were not mere incidents to the transaction on Sunday, but comprehended all the elements necessary to make a complete contract in itself. If the potatoes had been delivered on credit the Sunday agreement would not govern as to price, but the defendant could recover on *quantum meruit.* The case is akin to an agreement for hire made on Sunday. The employee may not recover the contract price for his work, but he is entitled to recover what it is reasonably worth. *Pearson v. Kelly, supra; Thomas v. Hatch, supra.*

In *Taylor v. Young,* 61 Wis. 314, 21 N. W. 408, a settlement was agreed upon on Sunday for trespass done by live stock. The consideration was paid on a week day and was retained by the claimants. The court held that the settlement, being fully performed on a week day, was valid. So, too, it was held in *Vinz v. Beatty, supra,* that while a lease of premises made on Sunday was void and incapable of ratification, subsequent occupancy and payment of rent by the lessee created a tenancy, the terms of which would depend upon a contract to be implied from the acts of the parties. The delivery of the potatoes on Monday, coupled with the fact that a consideration was paid for them, was tantamount to a sale on that day, and the payment and receipt of a sum of money for such potatoes was tantamount to an agreement upon the price to be paid, and the conclusion therefore follows that the transaction on Monday constituted a complete contract of sale and delivery.

The testimony showed that, at the time of the delivery of the potatoes, they were in sacks; that some of the sacks were opened and the potatoes were found to be all right; that all of them could not be examined without unloading the car and opening the sacks, which work would necessitate a considerable expenditure of time—much more, perhaps, than the agent who made the sale desired to spend at Watertown; and that plaintiff promptly unloaded the car and found that 100 bushels of the potatoes had been frozen, probably while in transit. A claim for damages was promptly made. The testimony further showed that at the time the twenty sacks of potatoes were opened and examined, the agent of the defendants represented to the plaintiff that the rest of the potatoes in the car were as good as those examined, and that plaintiff relied upon such representation. This evidence was sufficient to warrant a finding of the jury that there was an express warranty of the potatoes sold and delivered and that they did not conform to such warranty. If plaintiff were compelled to rely upon an implied warranty, we still think he was entitled to recover under the rule in *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785.

*By the Court.*—Judgment affirmed.