Seifert v. Mueller, 156 Wis. 629.

SEIFERT, Respondent, vs. MUELLER, Appellant.

*March 20—April 9, 1914.*

*Statute of frauds: Oral contract to convey land: Real-estate brokers: Services under void contract: Quantum meruit.*

An oral contract to pay for the services of a broker by the conveyance of real estate to him is void under the statute of frauds (sec. 2304, Stats.), and for services rendered under such contract he may recover *quantum meruit.*

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Gilbertson, Lehr, Reitman & Kiefer,* attorneys, and *Lehr, Kiefer & Reitman* and *J. Elmer Lehr,* of counsel.

For the respondent there was a brief by *Max J. Leutermann* and *F. P. Hopkins,* and oral argument by *Mr. Hopkins.*

BARNES, J.    This action was brought to recover a commission on the exchange of real estate.    The plaintiff claimed to have been employed to make the sale or exchange by one Richter, the agent of the defendant.    The plaintiff recovered and defendant appeals.    The defendant urges in this court (1) that Richter had no authority to employ plaintiff in her behalf, and (2) that plaintiff agreed to accept and receive as his compensation a lot in the city of Racine.    Richter and one Coogan testified that such was the agreement and that a deed was duly tendered in pursuance thereof.    Plaintiff denied making such an agreement.    The trial court did not pass upon this conflict in testimony, but held that the contract, if made, was void under the statute of frauds (sec. 2304, Stats.), and allowed a recovery on *quantum meruit* for the value of the services performed.

1. The pleadings settle the first question raised.    The complaint alleged that the defendant, by her agent Richter, "placed with plaintiff . . . for plaintiff to sell or exchange for her for other property, a farm" in Waukesha county, etc. This averment was admitted in the answer.    It was shown without dispute that plaintiff did procure an exchange of defendant's farm for other property.

2. Under the decision in *Koch v. Williams,* 82 Wis. 186, 52 N. W. 257, the parol agreement to pay for the service rendered by conveying real estate was void and plaintiff was entitled to recover the reasonable value of his service.

*By the Court.*—Judgment affirmed.