SEIFERT, Appellant, vs. DIRK and wife, Respondents.

*September 23—October 18, 1921.*

*Brokers: Commission agreement: Necessity: Quantum meruit: How pleaded.*

1. Although sec. 2305*m*, Stats., provides that agreements to pay commissions for the buying or selling of real estate shall be void unless in writing, the common-law right to recover on *quantum meruit* still remains, and recovery may be had where the owner knowingly accepts and retains the benefits of the broker's services, even though there was no valid written memorandum.

2. To recover on *quantum meruit* the broker must properly plead such cause of action either originally or by amendment.

OWEN, ROSENBERRY, and JONES, JJ., dissent.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge. *Reversed.*

The complaint alleged, in substance, that plaintiff is a real-estate broker and a licensed member of the Wisconsin Real Estate Board; that the defendants listed with him as such broker certain real estate of which they were the owners for sale or exchange; that the defendants promised and

agreed to pay plaintiff for his services in and about such sale or exchange the usual and customary brokerage or commission paid for such services in the city of Milwaukee, that is, three per centum of the price fixed, either for sale or exchange, of $17,000; that through the services of plaintiff an exchange was made of defendants' property with that of another owner of property and the defendants entered into possession and control of such other property pursuant to such exchange.

By stipulation between the parties there was inserted in the complaint, in order that the question here raised might be deemed to be squarely presented, the following: "That no contract in writing for a commission was entered into by and between plaintiff and said defendants."

It was further alleged "that the defendants became and are indebted to the plaintiff as a real-estate broker for the worth and value of the work, labor, and services performed and rendered by plaintiff for them in and about the said exchange of their property for said other property for which said defendants agreed to pay the plaintiff; that said services were and are reasonably worth the sum of $510."

It was also alleged that the said sum became due, that demand therefor was made and payment refused, and judgment was demanded for said sum of $510. The demurrer to such complaint being sustained and a judgment of dismissal being thereafter entered, plaintiff appealed therefrom.

For the appellant the cause was submitted on the brief of F. P. Hopkins of Milwaukee.

For the respondents there was a brief signed by Otto A. Lemke, attorney, and Melville H. Sell, of counsel, both ·of Milwaukee, and oral argument by Mr. Sell.

ESCHWEILER, J. The complaint was treated in the court below and on its presentation here as sufficient in form to state a claim upon *quantum meruit* as well as upon an express contract to recover for rendered and accepted services

in the exchange of real estate by the plaintiff as real-estate broker for the defendants.   We shall so treat it here, though the language of the complaint, so far as it purports to set out a cause of action *quantum meruit,* may not be as precise and definite as the usual rules of pleadings for such cause of action require.

The demurrer to the complaint was sustained in the court below upon the view that since the enactment of ch. 221 of the Laws of 1917 there can be no recovery for services rendered by real-estate agents in procuring either a buyer or a seller of real estate, except and unless such express contract be in writing in accordance with the conditions specified in said chapter, and that failing such express contract there can be no recovery upon any implied contract to pay what the services were reasonably worth.   Said ch. 221, Laws 1917, created a new section inserted in ch. 104, Stats., concerning "Fraudulent conveyances and contracts relating to real estate," and reads as follows:

"Section 2305*m.* Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate shall be void unless such contract or some note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller, be in writing and be subscribed by the person agreeing to pay such commission."

This precise statute has been before the court twice since its passage: in *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600, where the written memorandum relied upon was held not to be a compliance with this statute, and for that reason a judgment for the defendant was sustained, and in *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602, where the written contract there sued upon was held to be sufficient.   In neither of these cases, however, was the question now before us presented or considered.

The conclusion of the court below in sustaining the demurrer to each of the causes of action attempted to be set forth in the complaint herein is undoubtedly in accord with the general line of authorities upon statutes similar to the one here under consideration; it being generally stated that where a statute such as here requires written authorization, a broker who acts under an oral contract of employment cannot recover the value of his services as upon implied promise. 19 Cyc. 220; 4 Ruling Case Law, 300; 25 Ruling Case Law, 437. Such statement is supported by a number of decisions.

In *McCarthy v. Loupe,* 62 Cal. 299, passing upon the precise question here presented as to whether the right still existed to rely upon an implied promise to recover the value of such services rendered, it was held that, inasmuch as an express contract was required by statute, the law would no longer imply a contract. The rule has been repeatedly declared in that jurisdiction in many cases intermediate the decision above cited and the case of *Ryan v. Walker,* 35 Cal. App. 116, 169 Pac. 417. The same view is expressed in Indiana. *Selvage v. Talbott,* 175 Ind. 648, 95 N. E. 114, 33 L. R. A. N. s. 973, Ann. Cas. 1913C, 724, and again in *Peters v. Martin,* 69 Ind. App. 436, 122 N. E. 16.

In Idaho it was stated that to hold otherwise would be to absolutely nullify the statute. *Weatherhead v. Cooney,* 32 Idaho, 127, 180 Pac. 760.

In Michigan, while recognizing that recovery *quantum meruit* may be permitted for services actually performed under other kinds of contracts if void under the statute of frauds, yet it was held under just such a statute as here that to make the same rule applicable would nullify the new statute, and that as to this particular class of contracts no recovery could be had in any form of action in the absence of compliance with such a statute. *Paul v. Graham,* 193 Mich. 447, 160 N. W. 616; *Smith v. Starke,* 196 Mich. 311, 162 N. W. 998.

In Iowa, in passing upon a Nebraska statute, limited, however, to the obtaining of a purchaser only, it was held that an oral contract for such services, being invalid in Nebraska where made, could not be held valid or enforced in Iowa. *Brown & Brammer v. Wm. Pearson Co.* 169 Iowa, 50, 150 N. W. 1057. The Nebraska court so interpreted their statute. *Barney v. Lasbury,* 76 Neb. 701, 107 N. W. 989.

The same view is held in *Parker v. Bruggemann,* 72 Wash. 309, 130 Pac. 358.

In Oregon the statute made an agreement of such kind not valid unless in writing, but also provided that evidence of the agreement shall not be received other than the writing itself or secondary evidence thereof, and under such statute it was held that there can be no recovery as upon an implied contract. *Taylor v. Peterson,* 76 Oreg. 77, 147 Pac. 520.

In two jurisdictions acts have been passed punishing as a misdemeanor the offering to sell the real estate belonging to another without written authority. Upon an action brought to recover a commission the breach of such statute was urged as a defense, but it was held that such legislation was an arbitrary infringement upon the rights of persons engaged in a lawful occupation, but intimated that had it been an act for the purpose of regulating the business of brokerage or the statute of frauds a different question would be presented. *Frank L. Fisher Co. v. Woods,* 187 N. Y. 90, 79 N. E. 836, 12 L. R. A. n. s. 707. A similar penal statute was however held valid in Missouri and prevented the recovery of a commission for a sale made in violation of its terms. *Rothwell v. Gibson,* 121 Mo. App. 279, 98 S. W. 801.

We are compelled, however, to reach a contrary conclusion and hold that the common-law right to recover *quantum meruit* for services of such a nature as those here involved, the benefits whereof are knowingly accepted and retained by the party against whom the claim is made, still remains,

Seifert v. Dirk, 175 Wis. 220.

though the express contract under which the services were entered upon is declared to be void because not reduced to writing. Such right to recover *quantum meruit* is grounded in the common law. 1 Page, Contracts (2d ed.) § 30. It has long been firmly established here. *Wheeler v. Hall,* 41 Wis. 447, 450; *McMillan v. Page,* 71 Wis. 655, 661, 38 N. W. 173; *Miller v. Tracy,* 86 Wis. 330, 336, 56 N. W. 866; *Wojahn v. Nat. Union Bank,* 144 Wis. 646, 667, 129 N. W. 1068; *Grossbier v. C., St. P., M. & O. R. Co.* 173 Wis. 503, 509, 181 N. W. 746.

While it is. undoubtedly true that the existence of an express contract between parties generally repels any inference of an implied contract for the same subject matter, nevertheless, where such express contract is void by reason of some provision of public policy as expressed in other than penal statutes, the possibility of an implied contract being inferred is not excluded. 3 Page, Contracts (2d ed.) § 1438.

There is no need here of considering, because of the substantial difference in the basis of the holdings, the many decisions declaring the doctrine that there can be no recovery in any form upon a contract which is made in violation of the provisions of a penal statute, such as for money loaned for gambling (*Schoenberg v. Adler,* 105 Wis. 645, 81 N. W. 1055), or those based upon a violation of the Sunday law (*Sentinel Co. v. A. D. Meiselbach M. W. Co.* 144 Wis. 224, 230, 128 N. W. 861; *Jacobson v. Bentzler,* 127 Wis. 566, 568, 107 N. W. 7); although as to even such void Sunday contracts, where services in intended compliance with such contract are thereafter rendered and the benefits thereof accepted, a recovery may nevertheless be had for their reasonable value. *Thomas v. Hatch,* 53 Wis. 296, 10 N. W. 393 (where pleadings were allowed to be amended on the trial to change the cause of action from the express contract made on Sunday to one on implied contract); *King v. Graef,* 136 Wis. 548, 117 N. W. 1058 (sale of personal prop-

erty made on Sunday and delivery on secular day) ; *Wausau L. Co. v. Industrial Comm.* 166 Wis. 204, 206; 164 N. W. 836.

The substance of the old English statute of frauds, aimed to prevent perjury and the establishing of unjust and unfounded claims (*Baumgarten v. Cohn,* 141 Wis. 315, 124 N. W. 288; *Gifford v. Straub,* 172 Wis. 396, 400, 179 N. W. 600) relating to contracts, has continuously appeared as a part of our statutory law since at least as early as the revision of 1849. The two concerning real estate are sec. 2302, providing in substance that no estate or interest·in lands (other than leases not over one year) shall be created, etc., unless by act or operation of law or by deed or conveyance in writing, and sec. 2304, which makes *void* every contract for leasing of real estate for a longer period than one year or for the sale of any lands or interest therein unless the contract or memorandum thereof expressing the consideration is in writing and properly subscribed.

As to contracts relating to personal property and services, sec. 2307 declares *void* every agreement that by its terms is not to be performed within one year from the making thereof unless expressed in writing, etc. That the latter two of these sections contain the word "void," while such word does not appear in sec. 2302, *supra,* makes no material difference in the consideration of the question here presented.

The new statute, sec. 2305*m,* now before us, is no more drastic or emphatic as to the necessity of a writing and the effect of the failure thereof than is the language of the other provisions of the statute of frauds above mentioned. As to each of such earlier provisions of the statute of frauds it has uniformly and consistently been held that, even though a party may bring his action to recover, basing it in the first instance upon a contract which must be declared void by reason of such statutes, he may nevertheless be permitted, upon proper pleading, to disregard and hold as naught such express contract and recover the reasonable value thereof

upon an implied contract to pay for the same subject matter as that included and covered by the express contract. The fact that the parties did enter into the undertaking in supposed compliance with such express contract is not a bar to the right to recover under such implied contract.

Such is the effect of the following and other cases: *Clark v. Davidson*, 53 Wis. 317, 10 N. W. 384, one taking possession of a farm under a parol agreement void under sec. 2302, *supra*, and performing labor thereon may recover *quantum meruit* (p. 323).

An oral contract for services rendered under a promise to devise and bequeath real and personal property as compensation for such services being void under sec. 2304, Stats., as to the real estate and being indivisible, void in part, and failing wholly, does not prevent the right of the person rendering such services to recover therefor *quantum meruit*. Among the many cases so holding are the following: *Ellis v. Cary*, 74 Wis. 176, 42 N. W. 252; *Estate of Kessler*, 87 Wis. 660, 667, 59 N. W. 129; *Martin v. Estate of Martin*, 108 Wis. 284, 84 N. W. 439; *Loper v. Estate of Sheldon*, 120 Wis. 26, 32, 97 N. W. 524; *Taylor v. Thieman*, 132 Wis. 38, 45, 111 N. W. 229; *Laughnan v. Estate of Laughnan*, 165 Wis. 348, 162 N. W. 169; *Nelson v. Christensen*, 169 Wis. 373, 172 N. W. 741.

In *Koch v. Williams*, 82 Wis. 186, 191, 52 N. W. 257, the same rule was recognized in an action for architects' services rendered under an express contract to pay therefor by the conveyance of land which defendant offered tō do, yet nevertheless the plaintiffs were permitted to disregard the express contract and to recover on *quantum meruit* as the inevitable result of holding the contract void; this court in that case adopting what was said in *Salb v. Campbell*, 65 Wis. 405, 27 N. W. 45, that the parties in such a situation stand as though no contract existed between them. In *Seifert v. Mueller*, 156 Wis. 629, 146 N. W. 787, a similar result was reached as in *Koch v. Williams, supra,* the express

agreement being for services of a real-estate broker, as in this case. *Draheim v. Evison*, 112 Wis. 27, 87 N. W. 795, an oral contract for labor on a farm void under sec. 2307, Stats., being for a period longer than one year, yet for the services rendered recovery might be had upon *quantum meruit*. In *Cohen v. Stein*, 61 Wis. 508, 21 N. W. 514, the express contract was for services of husband and wife for more than a year and void under sec. 2307, still recovery was permitted on *quantum meruit*. To the same effect, *Chase v. Hinkley*, 126 Wis. 75, 105 N. W. 230.

It is of course necessary in all such situations that the matter should be presented properly by pleadings either originally or by amendment, otherwise the party must stand or fall on his express contract. *Pearson v. Kelly*, 122 Wis. 660, 100 N. W. 1064; *Manning v. School Dist.* 124 Wis. 84, 104, 102 N. W. 356; *Gist v. Johnson-Carey Co.* 158 Wis. 188, 203, 147 N. W. 1079.

We can see no logical basis for applying a different rule of construction for this new provision from that long given to the older statutes, or why the term *void* should be more far reaching when inserted in the modern than when used in the older statutes.

The former statutes have been consistently held to affect only the express and not the implied contract. That has been left as at common law and practically unimpaired, and no change has been made by legislative declaration to the contrary in all these years of repeated judicial interpretations of these provisions of the statute of frauds. The new provision is to effect the same general purpose, is imbedded in the same surroundings as is its elder sisters, and should receive similar treatment. There is no more nullification of the new by the present holding than of the older statutes by the former rulings of that court as cited *supra*.

We hold, therefore, that sec. 2305m, Stats., makes void the express contract only, and that the right to recover, under the proper state of facts, *quantum meruit*, upon the implied

promise to pay for such services rendered, the benefits whereof are accepted, has not been legislated out of existence.

It follows therefrom that the demurrer to the complaint, so far as it stated a cause of action upon *quantum meruit,* should have been overruled.

*By the Court.*—Judgment reversed, and the cause remanded with directions to overrule the demurrer to the plaintiff's complaint.

OWEN, J. (*dissenting*). There is a no more fundamental rule than that in the construction of a statute the intention of the legislature in enacting it should be given effect. In ascertaining the intent of the legislature "the court can and should consider the 'surrounding circumstances, the existing condition of things, the evils to be remedied, the objects to be attained, look at the whole and every part of the statute and the apparent intention derived from the whole, to its subject matter, to its effects and consequences, and to the reason and spirit, and thus ascertain the true meaning of the legislature.' " *State ex rel. McGrael v. Phelps,* 144 Wis. 1, 9, 128 N. W. 1041.

Sec. 2305*m,* Stats., has been before this court on two prior occasions. *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600; *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602. No doubt was then entertained concerning the object and purpose of the legislature in enacting the statute. In the former case it was said:

"The statute was doubtless enacted for reasons similar to those which led to the enactment of the statute of frauds. It was to prevent frauds and perjuries. Its enforcement will sometimes protect brokers who have rendered valuable services too little appreciated. More often it will protect owners from unfounded claims. It will tend to prevent the flood of litigation arising out of misunderstandings between well-meaning persons."

It is notorious that claims made by real-estate brokers

against owners of property for commissions arising from the sale of land, which claims were often founded upon mere casual conversations the owners did not understand to amount to a contract, have been a most fruitful source of litigation. It was for the purpose of suppressing litigation of this kind that the legislation was enacted. The construction placed by the court upon sec. 2305m again opens the floodgates for such litigation and leaves the matter worse than if no legislation had been enacted.

Previous to the enactment of the statute the owner could at least limit his liability by an oral contract. This he cannot now do. Although the oral contract be held void, nevertheless the broker may bring action to recover for the reasonable value of his services. By virtue of the construction placed upon it by the decision in this case, the legislative purpose in enacting the statute is defeated, and its effort to suppress actions of this kind is rendered entirely futile. I contend that where the purpose of the legislature in enacting a statute is so plain as to have received affirmative expression in the decisions of this court, no rule of construction, no precedent of prior judicial decision, should be held sufficiently potent to prevent a construction which will give effect to the plain legislative intent. I have supposed that the office of accepted rules for the construction of statutes was to enable the court to discover and give effect to the legislative intent, and that all rules must be subordinated to the dominating rule that statutes must be construed so as to effectuate the legislative purpose. It seems clear to my mind that this has not been done in the instant case. I think it was the purpose of the legislature to prohibit any recovery of broker's commissions for the sale of real estate unless the right to that commission should be established by a written contract. I think the trial court was right and that the judgment should be affirmed.

I am authorized to state that Mr. Justice ROSENBERRY and Mr. Justice JONES concur in this dissenting opinion.