Moritz vs. Larsen.

Moritz, Appellant, vs. Larsen, Respondent.

*January 14 — January 31, 1888.*

*(1, 2) View: When judge must participate: Request necessary. (3) Evidence: Immaterial error. (4) Pleading: General denial: Non-performance of contract. (5) Nonsuit as to one defendant: How far his separate answer available. (6) Verdict: Trifling error. (7) Condition precedent to recovery: Quantum meruit.*

1. An action to enforce a mechanic's lien is an equitable action, but the verdict of a jury therein is conclusive, not advisory merely. Sec. 3323, R. S. It is unnecessary, therefore, for the trial judge to participate in a view of the premises by the jury. *Fraedrich v. Flieth*, 64 Wis. 184, limited.

2. The failure of the trial judge to participate in a view is not available as error unless he was requested so to do before the motion for a view was decided.

8. The exclusion of competent evidence offered to prove an undisputed fact is an immaterial error.

4. In an action to enforce a mechanic's lien, where the complaint alleges performance of the contract and the answer is a general denial, the defendant may show nonperformance.

5. Though a nonsuit is entered as to one of two defendants who answered separately, his answer remains in the record and may be referred to in explanation of a special verdict.

6. An error in a special verdict as to the time when an item of $3 was to become due, is too trifling to warrant this court in disturbing the finding.

7. Where the plaintiff has failed to complete a contract upon the full performance of which the defendant's liability depends, there can be no recovery *quantum meruit*.

APPEAL from the County Court of *Milwaukee* County.

This action was brought under ch. 143, R. S., to enforce a lien upon certain premises of the defendant therein described, for an amount alleged to be due the plaintiff for labor performed and materials furnished by him in and about the erection of a building for the defendant on such premises. One Hans Larsen was made a defendant to the action, but on the trial a nonsuit was ordered as to him because it appeared that he was acting as agent for the defendant in the matters out of which this action arose, and that he disclosed such agency to the plaintiff in due time. The answer of the defendant *Maren Larsen* is, in substance, a general denial. That of Hans Larsen sets out a contract in respect to the erection of the building in question different from the contract alleged in the complaint. It is undisputed that the contract between the parties provided for the payment to the plaintiff of a certain sum as the work progressed, and that the balance of the contract price therefor should be payable when the work was completed according to the contract. It is also undisputed that the sums payable during the progress of the work were fully paid by the defendant. The questions chiefly litigated on the trial were submitted to the jury to be specially answered. These questions, and the answers thereto, returned by the jury are as follows:

" 1. Was the building contract between the parties as claimed by the plaintiff or as it is claimed by the defendant? *Ans.* As claimed by the defendant. 2. Did the plaintiff complete his work under said contract? If yes, at what date was the work so completed by him? *A.* Not completed. 3. If you answer the last question ' Yes,' what sum is now due the plaintiff from the defendant *Maren Larsen?* [Not answered.] 4. If you answer the second question ' No,' has the defendant *Maren Larsen* accepted said building? *A.* No. 5. Did the plaintiff perform extra work and furnish extra materials in the construction of said house, at the request of the defendant *Maren Larsen,* and if so, how much is plaintiff entitled to for such extra work and labor? *A.* Thirteen dollars, when contract completed. 6. Do you find for the plaintiff or for the defendant? If for the plaintiff, at what sum do you assess his damages? *A.* Thirteen dollars, when contract is completed, for extra work."

On the return of such special verdict, plaintiff moved the court to set it aside and for a judgment in his favor for the amount claimed in his complaint. The defendant also moved thereon for judgment. After hearing the motions the court filed the following findings of fact and conclusions of law:

Findings of fact: " 1. That the building contract between the parties herein was as claimed by the defendants. 2. That the plaintiff did not and has not completed his contract. 3. That neither the defendant *Maren Larsen* nor the defendant Hans Larsen has accepted said building. 4. That the plaintiff performed extra work and furnished extra materials in the construction of said house, at the request of Hans Larsen, who was the agent for *Maren Larsen.* The value of said extra work and materials furnished was thirteen dollars. 5. That said balance on the contract and for the extra work was to be paid for when the contract was completed. 6. That the evidence produced by

plaintiff at trial did not show that the defendant Hans Larsen had any interest in the house and premises."

Conclusions of law: "1. That as to the defendant Hans Larsen judgment of nonsuit should be rendered against the plaintiff, with costs. 2. That plaintiff's motion to set aside the verdict and give judgment as prayed for in the complaint, is denied. 3. That the defendant's motion for a judgment on the verdict should be granted, with costs and disbursements."

Judgment was thereupon entered for the defendant, dismissing the complaint, with costs. This appeal is by the plaintiff from such judgment. The case is further stated in the opinion.

For the appellant the cause was submitted on the brief of *Nath. Pereles & Sons*, attorneys, and *E. P. Smith*, of counsel. They contended, *inter alia*, that a general denial was not sufficient to raise the issue of nonperformance. 1 Chitty's Pl. 417; Bliss on Code Pl. (2d ed.), sec. 324; *Gregory v. Hart*, 7 Wis. 532; *Martin v. Pugh*, 23 id. 184; *Crawford v. Earl*, 38 id. 312; *McKyring v. Bull*, 16 N. Y. 304; *Babb v. Mackey*, 10 Wis. 372. The defendant has received a substantial benefit from the work, and the plaintiff should have recovery *quantum meruit*. *Trowbridge v. Barrett*, 30 Wis. 665.

*J. E. Wildish*, for the respondent.

LYON, J. Several errors are alleged as grounds for a reversal of the judgment herein. These will be stated and considered in their order.

1. On motion of the defendant the jury was sent to view the premises. The judge of the court did not accompany the jury, and was not asked to do so. On authority of *Fraedrich v. Flieth*, 64 Wis. 184, counsel for plaintiff claims that the failure of the judge to make the view is error. True, we said in that case that "a view by a jury called in

an equity case to determine a question of fact should not be allowed unless the trial judge participates therein;" and it is also true that this is an equity case. *Willer v. Bergenthal,* 50 Wis. 474. But the rule above laid down applies only to those cases in equity which the judge may decide without the intervention of a jury, and in which, if a jury intervene, the verdict is merely advisory. In this case the verdict has the force and effect, and is equally as conclusive as a verdict in a common-law action. The statute (R. S. sec. 3323) relating to lien suits provides that "any issue of fact in such action shall, on demand of either party, be tried by a jury, whose verdict thereon shall be conclusive as in other cases." The "other cases" here mentioned evidently mean actions at law. In this case a jury was duly demanded by one of the parties, and their verdict is not advisory, but conclusive. Furthermore, were the verdict merely advisory, the failure of the judge to view the premises would not be error, because he was not requested so to do by the appellant. Such a request should be made before the motion for a view is decided, otherwise the failure of the judge to make a view will not be available as error. Hence the alleged error under consideration is not well assigned.

2. The plaintiff offered in evidence some document purporting to contain the testimony of the defendant *Maren Larsen* given on a former trial, but the court sustained an objection thereto. He was allowed, however, to prove by oral testimony what she testified to on that occasion. The testimony seems to have been offered for the purpose of showing that Hans Larsen was her agent in making the contract in question with the plaintiff, which contract he signed in his own name. It is an undisputed fact in the case that he was her agent, and negotiated and signed the contract as such. The court ruled correctly, but had the ruling been erroneous it could not have harmed the plaintiff.

3. It is objected that when the nonsuit was granted as

to Hans Larsen his answer disappeared from the case, and could not be resorted to in aid of any defect in the answer of *Maren Larsen*. It is also claimed that her answer, which is a general denial, is not sufficient to authorize her to show nonperformance by the plaintiff of the contract. We think otherwise. The complaint alleges performance, and the answer denies it. Testimony of nonperformance is directly responsive to that issue, and was properly admitted on behalf of the defendant. The court so ruled on the trial.

4. The objections that the special verdict does not cover all the material issues in the case, that it is not responsive to the questions submitted, that it is evasive and contradictory, and that portions of it are unsupported by the testimony, we think are not well taken. If there is anything uncertain in the first finding, to wit, that the contract was as claimed by the defendant, it may be made certain by reference to the answer of Hans Larsen, which states the defendant's claim in that behalf. Although a nonsuit was ordered as to him, yet his answer remains in the record, and may be referred to in explanation of the verdict. Conceding, as is claimed, that there is an item of three dollars for extra work, concerning which there was no agreement that it should not be due until the contract was completed, still we cannot, for that reason, disturb the special finding. The sum is too trifling. *De minimis non curat lex.* We are further of the opinion that the special verdict covers all the material issues litigated on the trial; that it is sustained by the evidence; and that under it the defendant is entitled to judgment.

5. The plaintiff having failed to perform his contract, and the defendant's liability for the amount claimed in this action depending upon such performance, the defendant not having accepted the building, it is clear that the plaintiff cannot recover *quantum meruit.*

6. Certain instructions to the jury were proposed on behalf of the plaintiff, which the court refused to give. It is unnecessary to set out these in full. It is sufficient to say that every material and correct proposition of law contained in them was fully and clearly given to the jury in the general charge, to which no exception was taken.

The foregoing remarks dispose of all the alleged errors deemed worthy of notice. None of the errors are well alleged.

*By the Court.*— The judgment of the county court is affirmed.