SHERRY, Respondent, vs. MADLER, Appellant.

*December 17, 1904—January 10, 1905.*

*Sunday contracts: Ratification: Evidence: Appeal: Assignments of error: Mechanics' liens: Amendments to conform to proof: Evidence: Pleading: General denial: Retrial, limitation of issues: Measure of damages.*

1. Where a contract is void because executed on Sunday, acts of subsequent recognition do not constitute ratification of the original contract. Such contract is absolutely void and incapable of ratification.

2. Where a contract to build a house is void because executed on Sunday, and the house has been built, the contractor, on proper pleadings, may prove either that a new contract was made, or, in the absence of such contract, the reasonable value of the labor and materials which went into the house.

3. Where appellant does not assign error to the making of a specific finding, the supreme court is relieved from any consideration of whether the finding is supported by the evidence, and will accept the finding as a fact.

4. Where, in an action to foreclose a mechanic's lien, neither the claim for the lien nor the complaint set forth the contract on which plaintiff finally recovered, nor was any formal amendment of either document made, but the evidence in respect to such contract was without serious dispute, and was admitted without objection, both the claim and complaint may be considered as amended to conform to the proofs as effectually as if formal amendments had been ordered.

5. In an action to foreclose a mechanic's lien on a house agreed to be built according to agreed plans and specifications, it is error to rule out testimony tending to prove that certain parts of the work and materials did not accord with the requirements of the plans and specifications, and that the house was of less value on account of such defaults.

6. In an action to foreclose a mechanic's lien, the original complaint was upon *quantum meruit*, but was, in effect, amended by the action of the court into a complaint alleging performance of a contract to build a house according to certain plans and specifications for a fixed sum. *Held*, that a general denial, pleaded to the allegations of the original complaint, put in issue the question whether the house had been completed according to the plans and specifications agreed upon, and allowed the defendant to prove nonperformance.

.7. In an action to foreclose a mechanic's lien, the trial court found
the original contract for building a house was invalid, and that
a subsequent contract was made. On reversal for erroneously
excluding evidence tending to prove that certain parts of the
work and material did not accord with the requirements of the
plans and specifications, and that the house was of less value
on account of such defaults, *held:*

(1) The question as to the validity of the original contract
and as to the making of the subsequent contract must be re-
garded as settled by the findings, and not open to be disturbed.

(2) Further evidence should be taken on the following ques-
tions: First. Was the house built in compliance with the plans
and specifications furnished? Second. If not built in exact
compliance with them, was there such substantial compliance
in good faith as would entitle the plaintiff to recover the con-
tract price, less proper deductions for defects and defaults in
performance?

:8. In such case, if the latter question is answered in the affirmative,
the rules by which proper deductions may be ascertained are:

(1) In case of entire neglect to furnish an item of labor or
material, or in case of a defect which may easily be remedied
without taking down and reconstructing a substantial portion
of the building, the allowance should equal the reasonable ex-
pense of supplying or correcting the defect.

(2) In case of a defect which could only be remedied by tak-
ing down and reconstructing some substantial portions of the
building, the allowance should be the amount which the build-
ing is worth less, by reason of the defect, than the contract
price.

APPEAL from a judgment of the circuit court for Outa-
gamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to foreclose a mechanic's lien for building
a dwelling house. The complaint, as well as the petition for
lien, alleged that the plaintiff built a dwelling house for the
defendant in the city of Appleton between September 1,
1902, and February 13, 1903, at the special instance and re-
quest of the defendant, and furnished labor and material
therefor at the agreed price of $2,150, and that said labor
and materials were reasonably and fairly worth said sum of
$2,150, and that the balance unpaid amounted to the sum
of $1,352.60. The defendant's answer, after admitting that

the plaintiff performed certain work and labor and furnished
certain materials in the construction of said dwelling house,
alleged that the same were all furnished under and pursuant
to a written contract whereby it was agreed that said house
was to be built for the gross sum of $1,488, which contract
also contained an agreement by the plaintiff waiving all right
to file a mechanic's lien thereon.   The answer also denies
each allegation of the complaint not expressly admitted.   The
action was tried by the court, and findings made to the effect
that the written contract alleged by the defendant was exe-
cuted upon Sunday, August 24, 1902, and hence was void;
that certain transactions afterwards occurred between the
parties during the building of the house by which the said
void contract and the plans and specifications attached were
recognized, said transaction consisting of the giving of a
check by the defendant in part payment October 6, 1902,
upon which check were the words, "Appleton House.   Con-
tract price, $1,488.00, complete per plans and specifications;"
that a receipt for such check was given by the plaintiff's fore-
man, in which the receipt of the money was acknowledged
"in payment of account contract price, $1,488.00, for labor
and material to build complete house;" a statement of the
amount due November 14, 1902, was mailed by plaintiff's
foreman to the defendant, in which statement defendant was
charged with the contract price of $1,488; that in February,
1903, the plaintiff called on the defendant, and sought for a
settlement and payment of his claims for building the house
on the basis of $1,488 as the contract price therefor; that in
correspondence between the parties said sum was recognized
as the contract price, and the plans and specifications attached
to the original contract were used in the course of the build-
ing.   The court found further that by these acts the parties
"did, in effect, and as matter of law, make and enter into a
new and independent contract for the erection and construc-
tion of said house by the plaintiff at the sum of $1,488, and

that sum must be the basis of the amount of the claim in this action." The court also found that the defendant was entitled to credit for the sum of $752; that the plaintiff's original claim amounted to the sum of $1,488, being the said contract price, and extras amounting to $55.50, making in the aggregate $1,543.50, and leaving a balance due to the plaintiff of $745.90, with interest since February, 1903. For this amount a judgment of foreclosure of mechanic's lien was awarded and rendered, and the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Wm. C. Quarles,* of counsel, and oral argument by *Wm. C. Quarles.*

For the respondent there was a brief by *A. M. Spencer* and *John Bottensek,* and oral argument by *Mr. Bottensek.*

WINSLOW, J. It is admitted by appellant that the written contract for building the house was in fact executed on Sunday, but it is claimed that it was validated by the subsequent acts of the parties set forth in the statement of facts, which recognized its existence. This contention is effectually answered by the decision in the case of *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787, where a lease of a mill and house was executed on Sunday, and possession taken under it, and rent paid under its terms for a considerable time. Notwithstanding these acts of subsequent recognition, it was held that they constituted no ratification of the original lease, because it was absolutely void, and hence incapable of ratification. A new contract might be made between the parties, either expressly or by implication, from their dealings; but this would be an independent contract, and not a ratification of that which was void. The cases relied on by the appellant to sustain his contention, such as *Schmidt v. Thomas,* 75 Wis. 529, 44 N. W. 771, will be found upon examination to be cases where such new and independent contract was made on a subsequent secular day. It follows that the trial court

was right in holding that the original building contract, including the clause waiving the right to file a lien, was and remained void, notwithstanding the subsequent dealings of the parties. Such being the case, the plaintiff would be entitled on proper pleadings to prove either that a new contract was made, or, in the absence of any such contract, to show the reasonable value of the labor and materials which went into the house. The court found that by their subsequent dealings the parties did make a new and independent contract for the construction of the house (according to the copy of the plans and specifications sent to plaintiff by defendant August 26 and 28, 1902, as we construe the finding) for the old contract price of $1,488. There was no provision for the waiver of liens in this new contract, nor was there any evidence from which it could be found that such a provision was agreed upon. The appellant does not assign error in this court upon the making of this finding; hence we are relieved from any consideration of the question whether it is supported by the evidence, and we accept it as a fact.

The statute requires that the claim for lien contain "a statement of the contract or demand upon which it is founded" and also requires that the complaint "set forth the substance of the contract under which such work was done." Secs. 3320–3322, Stats. 1898. Neither the claim nor the complaint set forth the contract on which the plaintiff finally recovered, nor was any formal amendment of either document made; but as the evidence on which the court based its finding of a new contract was without serious dispute, and admitted without objection, we conclude that the court considered both claim and complaint to be amended to conform to the proofs as effectually as if formal amendments had been ordered.

We now reach the last contention made by the appellant. He offered testimony tending to prove that certain parts of

Vol. 123 — 40

the work and materials did not accord with the requirements of the plans and specifications, and that the house was of less value on account of such defaults; but substantially all such testimony was rejected, and this ruling is now assigned as error, and, we think, rightly so. It is true that there was no affirmative allegation in the answer of defective workmanship, but there was, in effect, a general denial. While the original complaint was upon *quantum meruit,* it was, in effect, amended by the action of the court into a complaint alleging performance of a contract to build the house according to certain plans and specifications for a fixed sum. We are unable to see why the general denial already pleaded did not put in issue the question whether the house had been completed according to the plans and specifications agreed on, and allow the defendant to prove nonperformance. *Moritz v. Larsen,* 70 Wis. 569, 36 N. W. 331. But, even if there were necessity for a further specific pleading by the defendant, the circumstances were such that a proper amendment to support the proof offered should have been ordered in order to meet the new complaint which the court, in effect, imported into the case. This rejection of evidence necessitates reversal of the judgment. It will not be necessary to retry the question as to the validity of the original contract, nor the question as to the making of the subsequent contract. These matters must be regarded as settled by the findings, and are not to be disturbed. But the following questions are still open, and further evidence must be taken upon them as the parties are advised: First: Was the house built in compliance with the plans and specifications furnished by defendant to the appellant August 26 and 28, 1902? Second. If not built in exact compliance with them, was there such substantial compliance in good faith as will entitle the plaintiff, under the principle stated in *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 97 N. W. 515, to recover the contract price, less proper deduction for defects

or defaults in performance? If this latter question be answered "No," then there can be no recovery; but, if answered "Yes," then the rules by which proper deductions are to be ascertained are important, and these may be stated as follows: In case of entire neglect to furnish an item of labor or material, or in case of a defect which may be easily remedied without taking down and reconstructing a substantial portion of the building this allowance should equal the reasonable expense of supplying or correcting the defect. In case of a defect which could only be remedied by taking down and reconstructing some substantial portion of the building the allowance should be the amount which the building is worth less, by reason of the defect, than the contract price. If the defendant desires to amend his answer to fully present these questions in an orderly manner, such amendments should be allowed without terms.

*By the Court.*—Judgment reversed, and action remanded for further proceedings in accordance with this opinion.