BUCHHOLZ, Respondent, vs. ROSENBERG, imp., Appellant.

*February 24—May 23, 1916.*

*Building contracts: Substantial performance: Allowances to owner for*
  *defects: Interest on balance due: Garnishment: Costs.*

1. Where a building contract has been substantially, though not ex-
   actly, performed, the deduction to be made from the contract
   price on account of any defect is the reasonable cost of remedy-
   ing the defect if this can be done without reconstructing a sub-
   stantial part of the building; otherwise, the diminished value
   of the building, on the basis of the contract price, by reason of
   the defect.
2. Thus, where a composition roof had been put upon a building, and
   it appeared that to replace it with a gravel roof as called for in
   the contract would not involve any reconstruction of the build-
   ing or great sacrifice of inwrought material, the owner should be
   allowed the cost of making such change; but where a concrete
   basement floor, though not according to contract, was service-
   able and fit for the purposes intended, and to put in such a floor
   as the contract required would necessitate reconstruction of a
   substantial portion of the building and the sacrificing of much
   work and material already wrought into it, the allowance to be
   made for such defect should be the diminished value of the
   building—in this case the difference between the value of the
   floor which was put in and the cost of such a floor as the contract
   called for.
3. In such a case, in an action by a subcontractor against the princi-
   pal contractor, wherein the owner was garnishee, interest upon
   the amount found due to the principal contractor from the date
   when it became due was properly allowed against the garnishee.
4. In a garnishment action, upon the trial of an issue between the
   plaintiff and the garnishee, the plaintiff is entitled, under sec.
   2772, Stats. 1913, to costs against the garnishee if he recovers
   more than the garnishee admits in his answer.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Modified and af-
firmed.*

Garnishment.    The main defendant, Riemenschneider, in
June, 1910, contracted with the garnishee defendant, *Rosen-
berg,* to erect and furnish materials for a two-story factory

building with basement for $5,450, the work to be done to the satisfaction and under the direction of *Rosenberg*. Riemenschneider proceeded to erect the building, and plaintiff became his subcontractor. Not being paid in full, the plaintiff sued Riemenschneider for the balance due him and garnished *Rosenberg*. Judgment for the plaintiff was recovered in the main action for the sum of $557.78. In the garnishee action *Rosenberg* appeared and denied liability and the action was tried by the court, *Rosenberg* claiming that the building never was completed according to the terms of the contract, and that by reason of defects in construction of the building he had been damaged in nearly or quite as large a sum as remained unpaid to Riemenschneider on the contract. The trial judge viewed the premises and thereafter made findings to the effect (1) that the building was built by Riemenschneider under *Rosenberg's* direction and fully completed on December 20, 1910; (2) that *Rosenberg* inspected the work from day to day and on said last named date took possession of the building and has ever since used and occupied the same; (3) that the same was constructed as agreed in a good and workmanlike manner except that a composition instead of a gravel roof was put on, and that the concrete floor in the basement was not of uniform strength; (4) that the roof is a serviceable roof and was accepted, has been used four years, that replacing the same by a gravel roof as contracted for would cost $120, and that $80 deduction from the contract price should be allowed on account of the roof; that the concrete floor is a strong, serviceable floor and that $60 deduction from the contract price should be allowed for the floor, making a total of $140 to be deducted from the contract price; (5) that defendant performed extra work and furnished extra material amounting to $130; (6) that payments amounting to $4,881 had been made on the contract, leaving a balance due thereon on January 20, 1911, of $559, which with interest at six per cent. from that date amounted to $643.32 owing by *Rosenberg* to Riemenschneider at the

time of the commencement of the garnishment action, July 25, 1913; (7) that plaintiff recovered judgment in the main action for $557.78 February 6, 1915, which is still unsatisfied. Upon these findings it was adjudged February 23, 1915, that *Rosenberg* was liable as garnishee in said sum of $643.32 with interest from February 6, 1915, also that the plaintiff, *Buchholz,* recover of the garnishee, *Rosenberg,* the sum of $557.78 with costs, and from this judgment the garnishee appeals.

*Michael Levin,* attorney, and *A. W. Richter,* of counsel, for the appellant.

*James F. Trottman,* for the respondent.

The following opinion was filed March 14, 1916:

WINSLOW, C. J. The court found in effect that the contract was substantially performed notwithstanding the fact that the roof and basement floor did not correspond to the specific calls of the contract. While it is stated in appellant's brief that this finding is not justified, he assigns no error on this ground and states that he does not press the point, hence the question is not an open one in the case.

We start, therefore, with the established fact that the contract was substantially though not exactly performed, and this means that both the roof and the floor were serviceable and fit for the purposes intended. This must be so, for otherwise there could not be substantial performance. Starting from this premise, the fundamental inquiry is whether the court made the proper deductions from the contract price on account of these failures in exact performance. There is no doubt as to the proper rule in this court. It may be stated as follows: If the defect can be remedied without reconstructing a substantial part of the building or, as otherwise expressed, without great sacrifice of work and material already wrought into the building, the reasonable cost of correcting the defect should be allowed; if otherwise, the di-

minished value of the building, on the basis of the contract price, by reason of the defect. *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356. The roof actually put on was a felt or asphalt paper roof. To take this off and put on a tar and gravel roof would not involve any reconstruction of the building or great sacrifice of inwrought material, hence the court, instead of allowing $80, should have allowed on this item the expense of a new gravel roof, which was shown to be $120.

It is apparent that to equip the building with a floor such as the contract requires would necessitate the reconstruction of a substantial portion of the building and the sacrificing of much work and material already wrought into it, hence the second branch of the rule applies to the floor and the allowance must be the diminished value. The court placed the allowance to be made for the defective floor at $60, but there is no testimony on which that finding can be based. It appeared without dispute that the floor cost $290 and there was testimony that it was worth that sum. One witness testified that a new floor constructed according to the specifications of the contract would cost $467.27, while the defendant Riemenschneider estimated the cost at $385.

This testimony would afford basis for a finding that the diminution in value was the difference between the value of the old floor and the cost of the new, but not for a finding of any less sum. This would mean that the court should have allowed not less than $95 nor more than $177.27 on account of the floor. The court in fact allowed $60. The appellant would have had no ground of complaint as to this item had $177.27 been allowed instead of $60. We deem it better for both parties to modify the judgment and make the proper allowance now and thus close the litigation, rather than prolong it by sending the case back for a new trial or to take further testimony.

Two further contentions are made: first, that costs should

not have been allowed against the garnishee, and second, that interest should not have been allowed on the claim of Riemenschneider against *Rosenberg.* Neither contention can be sustained. The statute gives costs if the plaintiff recovers more than the garnishee admits in his answer. Sec. 2772, Stats. 1913. As to interest, the case of *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327, is controlling.

The judgment must be modified as of its date so as to adjudge that *Rosenberg* was indebted to Riemenschneider at the date of the commencement of the garnishment action July 25, 1913, in the sum of $401.73 (plus interest at six per cent. from January 20, 1911), amounting in all to $462.32; that the plaintiff recover that sum from the garnishee with interest from February 6 to February 25, 1915, amounting in all to $463.62; and that he recover his costs as taxed, amounting to $44.40, making a total recovery as of February 23, 1915, of $508.02; and as so modified the judgment must be affirmed.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified affirmed, without costs, except the fees of the clerk of this court to be paid by the respondent.

A motion for a rehearing was denied, with $25 costs, on May 23, 1916.