BURMEISTER, Respondent, vs. WOLFGRAM and wife,
Appellants.

*November 17—December 13, 1921.*

*Contracts: Construction of building: Evidence: Waiver: Defective work: Measure of damages: Implied warranty of competency by builder.*

1. In an action to foreclose a mechanic's lien, filed for work performed and materials furnished under a building contract, the evidence is *held* to support the findings of the trial court as to the aggregate time plaintiff and his employees were engaged in the work.
2. The evidence is also *held* to support the finding of the court that there was such a substantial performance of the contract as entitled plaintiff to recover, the defects being open to observation, and defendants expressing satisfaction from time to time, and so ought not in equity and good conscience to be permitted to assert claims for such defects.
3. Where defects in work under a building contract cannot be presently remedied at a reasonable expense without any great sacrifice of work or material already wrought into the building, the proper measure of damages is the diminished value of the building as turned over to the owner as compared with its value if completed according to the contract.
4. Even though there was no express representation by one taking a contract to erect a building as to his skill and competency as a carpenter, the law implies an undertaking on his part that he possesses the requisite skill from the fact that he assumed to perform the work.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Modified and affirmed.*

The plaintiff is a building contractor in the village of Lyons, Walworth county; the defendant a physician of the same place, the defendant *Olga* his wife.

Shortly before January, 1920, the plaintiff and defendants made an oral contract by which the plaintiff was to do the necessary carpenter work in the erection of a dwelling house for the defendants in said village and was to charge for his own time and that of his workmen. The agreed rate

per hour that should be paid for such services does not appear in the evidence, but no question is here raised about that, and it was understood that plaintiff was to complete the work. The house was to be constructed, so far as the carpenter work was concerned, from materials and plans furnished by a firm in Chicago, dealers in so-called "Ready-cut" houses, subject to some changes as to finishings as agreed upon by the parties. Such plans appear to have been used in the construction of the building, but they were not made a part of the record.

The defendants lived across the street from the new building and one or the other visited the work almost daily, the defendant *Otto J.* keeping a memorandum as to apparent absences of the plaintiff or his workmen on certain days.

From February 25th on plaintiff claims to have entered practically every day during the work the number of hours of service rendered by himself or his workmen in a record book. No itemized statement of such services or of material purchased by plaintiff was rendered by plaintiff or demanded by defendants during this construction.

The plaintiff charged for his own time at the rate of sixty-five cents an hour, and for the time of his employees he charged the defendant five cents an hour over the amount paid such laborers, such payments in all instances aggregating no more than sixty cents and for some of the labor forty-five cents per hour. The total charge was $1,232.19 for labor and $324.26 for material, a total of $1,556.45, upon which payments had been made at intervals aggregating $700, leaving a balance claimed due of $856.45, for which amount the plaintiff filed and claims a lien. . .

The defendants' answer put in issue the truth of the statement as to the labor and materials as claimed by plaintiff, and asserted a counterclaim to the effect that at the time of the making of the agreement between the parties the plaintiff represented to defendants that he was a competent builder and contractor and that such representation was re-

lied upon by defendants in giving such contract to the plaintiff. That the work was done by plaintiff in a careless and unskilful manner, and that as a result the house was poorly built, to defendants' damage in the sum of $800.

And by a second counterclaim defendants sought to recover, on the same grounds as those stated in the first counterclaim, the $700 paid plaintiff. Upon these counterclaims defendants asked for $1,500 damages. The reply admitted that plaintiff held himself out to the defendants as being a competent workman; alleged the constant examination and supervision of the work by defendants; and denied the allegations of the counterclaim upon which damages were sought to be predicated.

At the close of the trial and here defendants claim that under the testimony they are entitled to an allowance of $1,000 as being the amount it would cost to make the necessary changes in the building as completed to conform to the building as contemplated and if done in good workmanlike manner, no question being raised as to the item of $324.26 for materials.

The court made findings usual and appropriate to such a lien action and that there was due the plaintiff the amount as claimed by him of $856.45 and allowing interest thereon from September 11, 1920, being the last day of work done upon the premises, and made the usual provisions for foreclosure.

In a written decision made a part of the record prior to the signing of the findings, the trial court stated his views on the questions presented, and the defendants, in addition to excepting to the findings, filed exceptions to certain portions of such written decision.

It appeared that after the plaintiff finished his part of the work there was stucco plaster put on the outside of the building and painting or staining done on the inside by other contractors.

From the judgment entered in favor of the plaintiff for the full amount of his claim the defendants have appealed.

For the appellants there was a brief by *Johnson & Rogers* of Whitewater, and oral argument by *Easton Johnson*.

*E. John Wehmhoff* of Burlington, for the respondent.

ESCHWEILER, J.   Interest was allowed on the amount found due from the date of the completion of the work instead of from the commencement of the action.   Specific objection was first raised on this point on this appeal.   The plaintiff consented on the hearing here that such modification should be made, and the judgment must be lessened by $12, being such difference.

Defendants further contend that the amount of the damages allowed was excessive in so far as it contained certain items for labor charges as to times when, according to defendant's testimony, the specific services so charged for were not rendered by reason of the absence of the plaintiff or certain of his employees, the amount aggregating about $29. The defendant, referring to notes made in a memorandum book from time to time, testified in support of his contention in that regard.   The plaintiff, supported to some extent by certain of his workmen, testified to the contrary.   He also testified to items of about $4 which were entered in the time-book but not in the statement rendered.   We think it presented a situation where the trial court must be supported in his conclusion on that question.

As to other items aggregating about $32, it appears that on certain of the days for which plaintiff was allowed charges for his own time he also entered in the same book charges for services rendered by him for another person on the same dates.   The total of the hours charged as against the defendants and such other person aggregated considerably over ten hours on particular days, in one instance as much as nineteen hours.   As to the first of such items plaintiff's testimony was to the effect that the charge made on that day, February 25th, included a number of prior charges kept on slips of paper for odd hours worked by him on this job and that of such other person, and were respec-

tively lumped in the charges on that date. As to the other of such items plaintiff testified that they included necessary machine work done by him at his own shop and either before or after the usual working hours, that for services of that kind the reasonable charge was $1 instead of sixty-five cents per hour, and that he arrived at the respective entries made by charging for additional time at the lesser rate in order to make a reasonable charge for the actual service rendered.

These items also present a situation from which we think, under the testimony, that the conclusion of the trial court cannot be disturbed.

The most substantial objection urged by the defendants is based on their claim for $1,000 on the ground that the plaintiff's work was so negligently done that it would require at least $1,000 to now so construct it as to make it substantially conform to the requirements of good and competent workmanship,—it being claimed that two pillars on the front porch were misplaced by two or four inches each and that to now properly adjust this would cost about $200; that there was improper placing of the rafters over a bay window, causing a sagging, leaking, and uneven appearance to the roof over such window and which would involve a cost of from $75 to $100, and that the balance of the $1,000 would be required to remedy alleged defects in the beam ceiling on the first floor, imperfect hanging of doors and construction of cabinet work, and the improper putting on of certain of the hardware fixtures. Substantially all of such proposed changes would involve the tearing down and destroying of a great deal of the work done by plaintiff and also of work done subsequent to his by the other contractors, such as the stucco work on the outside of the building and the staining or painting inside.

The trial court determined, as is evident from the express language in his written decision and from his findings, that there was a substantial performance by plaintiff of his contract obligation; that the defendants expressed satisfaction

from time to time with the work during its progress; that the defects complained of were of such a nature as to be open to the observation of the ordinary layman, and that the defendants ought not, in equity and good conscience, be permitted to now assert a claim for such a large amount of damages based upon a situation which by their failure to protest at the proper time was in effect acquiesced in by them. The record, negatively at least, discloses that no protest or objection was raised by defendants with reference to the material features of the items here involved during the progress of the work or prior to the doing of the work by the other contractors.

From a consideration of the testimony we somewhat reluctantly come to the conclusion that the result reached by the trial court must stand. Defendant's brother-in-law, who had had some years experience in carpenter work and had been present and helping to some extent on the construction of the building during plaintiff's employment, testifying as an expert witness for defendants, stated that he noticed a few places in the beamed ceiling where nails were driven so as to be partly exposed and a number of hammer marks, indicating a failure to use a proper nail-set. The painter who worked on the inside of the building and called as defendants' witness says that the defects, particularly with reference to the beam ceiling, were such that unless a person were blind he could see them on entering the house.

The defendant *Otto L. Wolfgram* testified that while he saw how things were progressing and visited there almost daily, yet he did not appreciate the full extent of the work that was being delivered to him. He seems to have gone no further in his testimony than this as to denying any observation or knowledge of the existence of the defects now complained of prior to the time plaintiff left the work. The plaintiff testified that during its progress defendant *Otto L.* frequently expressed satisfaction with the work being done, and also that on one occasion, when a dispute arose as to the

particular manner in which the beam ceiling was to be constructed, he, the plaintiff, offered in effect to cancel the contract between them so far as the completion of the work was concerned and permit some one else to finish it if the manner in which plaintiff was doing it was not satisfactory to defendants. Defendants do not deny that such suggestion was made and did not act upon it.

Furthermore, it clearly appears that defendants on the trial relied upon and here assert a mistaken position as to the proper measure of damages. The rule applicable here is stated in the case of *Buchholz v. Rosenberg,* 163 Wis. 312, 156 N. W. 946, and cases there cited. That rule is that, where defects complained of could not be presently remedied at a reasonable expense without any great sacrifice of work or material already wrought into the building, then, as in the present situation, the proper measure of damages is the diminished value of the building as turned over by the builder to the owner from its value if completed according to the contract and without the complained of defects. No evidence is in the record upon such measure of damages.

Defendant has complained that the statement made by the trial court in his decision though not incorporated in any specific finding, that no representation was made by the plaintiff as to his possessing skill and competency as a carpenter, cannot be supported. This contention is correct because the plaintiff expressly admitted such representation by his reply and by his testimony. Even had there been no express representation in that behalf the law would, as to a person assuming to perform such work, imply an undertaking on his part that he did possess the requisite skill. *Eaton v. Woolly,* 28 Wis. 628, 630; *Norris v. Cargill,* 57 Wis. 251, 255, 15 N. W. 148. In view of the other findings and the present disposition of this case we do not deem such determination of the trial court of sufficient materiality or weight to change the result.

*By the Court.*—Judgment modified by deducting from the face thereof the sum of $12, and as so modified affirmed, with costs here to respondent.