432

G. W. HIRTH, INC., Respondent, vs. CLYBOURN REALTY COMPANY, imp., Appellant.

*October 14—November 11, 1930.*

For the appellant the cause was submitted on the brief of *Morris Fromkin* of Milwaukee.

For the respondent there was a brief by *Glanz & Glanz* of Milwaukee, and oral argument by *Victor. H. Glanz.*

WICKHEM, J. This case presents two questions: (1) Was the thirty-day notice served by plaintiff and required by the provisions of sub. (1), sec. 289.02, Stats., fatally defective because it was neither addressed to nor served upon the defendant Clybourn Realty Company? (2) Was the claim for lien, subsequently filed, fatally defective because it recited that the M. S. Realty Company was the owner of the premises, when in fact the defendant Clybourn Realty Company was the owner? Both questions must be answered in the negative.

(1) Sub. (1), sec. 289.02, Stats., does not require the notice to be addressed to any one. "It is sufficient without any title or address or if defectively entitled or addressed." *Milwaukee B. S. Co. v. Illinois S. Co.* 163 Wis. 48, 55, 157 N. W. 545; *W. H. Pipkorn Co. v. Evangelical L. St. Jacobi Soc.* 144 Wis. 501, 504, 129 N. W. 516. The notice in this case was sent to and received by the president of the defendant company, who had knowledge of the plaintiff's employment and consented to it; who knew all facts with re-

spect to the ownership of the building and the contract for its construction. It is considered that he was the agent of the owner within the meaning of sub. (1), sec. 289.02, Stats.

(2) The claim for lien was defective in erroneously designating the M. S. Realty Company as the owner. However, sec. 289.08, Stats., provides that the claim for lien may be amended in the same manner as pleadings may be. The evidence of ownership was not in dispute, and was admitted without objection, and we conclude, as did this court in *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095, that the court considered the claim "to be amended to conform to the proofs as effectually as if formal amendments had been ordered."

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.