J. G. JANSEN, INC., Appellant, vs. RILLING and wife, Respondents.

*October 14, 1930—January 13, 1931.*

196

For the appellant there was a brief by *Anderson, Donovan & Steinle* of Milwaukee, and oral argument by *Orlaf Anderson.*

For the respondents there was a brief by *August C. Moeller,* attorney, and *Emmet Horan, Jr.* of counsel, both of Milwaukee, and oral argument by *Mr. Horan.*

The following opinion was filed November 11, 1930:

NELSON, J. The trial court did not specifically find that the contract was substantially performed although in its decision the court states, "while the contract for the construction of the house as a whole may be said to have been substantially performed, the manner in which the brick veneer work was done cannot be reconciled with good-faith performance." Giving due consideration to the decision of the court, we feel impelled to hold that the trial court impliedly found that the contract was substantially performed. We are not disposed to disturb this finding even though many departures from the plans and specifications occurred in the performance of the work by the plaintiff.

The plaintiff earnestly contends that the court erred in assessing the defendants' damages, especially those damages claimed to have resulted from the failure of the plaintiff to install the hooks or anchors to tie the brick veneer construction to the frame of the dwelling-house; that the court should have assessed damages on the diminished value of the building basis rather than on the basis of the cost of remedying the defects.

The important question in this case is, Did the trial court properly assess all of defendants' damages on the basis of the reasonable cost or expense of remedying such defects? We are clearly of the opinion that all of such damages, with

the exception of the damages resulting from the failure of the plaintiff to tie the brick veneer walls to the frame, were properly found and that the trial court in so doing correctly followed the law laid down by this court. There can be little doubt as to the law applicable to controversies of this nature.

In *Ashland Lime, S. & C. Co. v. Shores,* 105 Wis. 122, 133–134, 81 N. W. 136, it was held:

"The proper rule for measuring recoverable difference between substantial and complete performance of a building contract is not necessarily the cost of tearing down the defective work and rebuilding it so as to conform to the contract. *It is the reasonable cost of remedying defects, so far as that can be done practicably, and the diminished value of the building so completed because of defects not so remediable.* If a dwelling-house were constructed with ceilings six inches lower than the plans called for, the recoverable loss would not be the cost of tearing down the structure and rebuilding it according to the original design, but the diminished value of the house by reason of the departure from such design."

In *Sherry v. Madler,* 123 Wis. 621, 627, 101 N. W. 1095, it was said:

"In case of entire neglect to furnish an item of labor and material, or *in case of a defect which may be easily remedied without taking down and reconstructing a substantial portion of the building, this allowance should equal the reasonable expense of supplying or correcting the defect.* In case of a defect which could only be remedied by taking down and reconstructing some substantial portion of the building, the allowance should be the amount which the building is worth less, by reason of the defect, than the contract price."

In *Manning v. School District,* 124 Wis. 84, 100–101, 102 N. W. 356, it was said:

The "contractor is entitled to recover the contract price, less such deductions therefrom as will make good to the

proprietor the imperfections in the work. . Such equivalent for the imperfections and the substantially completed work are regarded as affording the proprietor the full performance of the contract to which he is entitled. *So far as the imperfections can be remedied without any great sacrifice of work and material wrought into the subject of the contract and the proprietor's property,* the contract price is to be reduced by so much as will *measure the reasonable cost of applying such remedy,* and otherwise the contract price is to be rebated to the extent of the diminished value of the subject of the contract by reason of the defects."

In *Foeller v. Heintz,* 137 Wis. 169, 180–181, 118 N. W. 543, it was said:

"His (the proprietor's) right to have the very thing agreed upon, as said in *Manning v. School District, supra,* to just what he contracted for in the form agreed upon, is fully recognized in effect. He cannot be put off with something different, even though that thing, in a strict pecuniary sense, be as valuable as the one the contract called for. His right to have his own peculiar notion, however whimsical, effectuated, even in the face of good-faith imperfect performance, is not lost sight of. To accomplish that by rules of a court of conscience, he is compensated for the minor departures not inconsistent with substantial performance, by an equivalent in money or deduction from the agreed price, not at the contract rate for supplying such departure, as may be practicably done without destruction and reconstruction of material parts properly in place, *but the reasonable cost thereof* under the circumstances, and in addition thereto such further sum as will measure the actual diminished value of the structure because of defects not so remediable."

In *Buchholz v. Rosenberg,* 163 Wis. 312, 314–315, 156 N. W. 946, it was said:

"If the defect can be remedied without reconstructing a substantial part of the building or, as otherwise expressed, *without great sacrifice of work and material* already wrought into the building, the reasonable cost of correcting the defect should be allowed; if otherwise, the diminished value

of the building, on the basis of the contract price, by reason of the defect. *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095; *Manning v. School District,* 124 Wis. 84, 102 N. W. 356. The roof actually put on was a felt or asphalt paper roof. To take this off and to put on a tar and gravel roof would not involve any reconstruction of the building or great sacrifice of inwrought material, hence the court, instead of allowing $80, should have allowed on this item the expense of a new gravel roof, which was shown to be $120.

"It is apparent that to equip the building with a floor such as the contract requires would necessitate the reconstruction of a substantial portion of the building and the sacrificing of much work and material already wrought into it, hence the second branch of the rule applies to the floor and the allowance must be the diminished value."

In *Burmeister v. Wolfgram,* 175 Wis. 506, 512, 185 N. W. 517, it was held:

"The rule applicable here is stated in the case of *Buchholz v. Rosenberg,* 163 Wis. 312, 156 N. W. 946, and cases there cited. That rule is that, where defects complained of could not be presently remedied at a reasonable expense without any great sacrifice of work or material already wrought into the building, then, as in the present situation, the proper measure of damages is the diminished value of the building as turned over by the builder to the owner from its value if completed according to the contract and without the complained of defects."

The rule of damages applicable to controversies of this nature is therefore quite clear. The only difficulty arises in the application of the rule to the facts of the particular case. Whether the facts in a particular controversy justify the application of the rule of damages permitting recovery for the amount of the reasonable expense of remedying the defects, or whether the facts are such as to require the application of the "diminished value" rule, or whether the facts in a given case require the application of both branches of the rule of damages to different items of dispute, is ordi-

narily a question to be determined by the trial court from all of the facts and circumstances in the particular case, subject always, however, to a review by this court. No hard-and-fast rules can be laid down as to whether in a given case the first branch of the rule or the second branch of the rule shall be applied. In the case of *Buchholz v. Rosenberg, supra,* the court applied the first measure of damages—that is to say, the reasonable cost of a new gravel roof—to the roof controversy, and applied the second measure of damages—that is to say, the "diminished value" of the building—to the dispute as to the concrete floor in the basement.

Giving consideration to the fact that the total contract price was $12,250, that the estimated cost of taking down and reconstructing the brick walls so that they will, when reconstructed, strictly comply with the specifications, would amount to $1,955, and that at the time of the trial the walls showed no results of defective construction, we conclude that the damage which the defendants have sustained because of plaintiff's failure to comply with the specifications as to the brick construction in all probability should have been determined under the diminished-value rule, if, as a matter of fact, the walls are good substantial walls. It is quite apparent that the brick walls cannot be easily remedied so as to fully comply with the specifications at a reasonable cost. It is equally apparent that the departure from the specifications as found by the court cannot be remedied without taking down and reconstructing a substantial portion of the building or without great sacrifice of work and material wrought into the building. We therefore conclude that the dispute as to the brick construction is one in which the damages, in all probability, should have been determined under the diminished-value rule. At least plaintiff should have been permitted to show, if it could, that while the walls as constructed do not comply with the specifications, they are

nevertheless sufficiently anchored to make them good substantial walls. Evidence tending to show that they are constructed in accordance with the customary practices followed by builders of experience and good repute would tend to show that they are good substantial walls. Testimony to this effect, when offered, was excluded. We think this was error. If the plaintiff could show by a fair preponderance of the evidence that the walls as actually constructed are good substantial walls, then without doubt the proper measure of damages would be the diminished value of the building. If, however, the walls shall be found not to be good substantial walls, then the proper measure of damages is the cost of remedying the defects; that is to say, the cost of tearing down the walls and reconstructing them in accordance with the specifications. While the court did find that the diminished value of the building, due to the defective construction, was $1,955, the same amount as the cost of remedying the defects, we feel that the plaintiff was not given opportunity to show that the wall as constructed was in fact a good substantial wall, because of the refusal of the trial court to permit the plaintiff's witnesses to give such testimony. The judgment must be reversed so that the court may determine the single issue as to the brick walls in accordance with this opinion.

We have given careful consideration to the other assignments of error and also to the request of the respondents for a review of several of the court's findings, with the result that we deem them without merit.

*By the Court.*—The judgment of the circuit court is affirmed, except as to the damages which the defendants sustained, because the brick walls were not constructed in accordance with the specifications. So much of the judgment of the circuit court as determined the defendants' damages resulting from the construction of the brick walls to be

$1,955 is reversed, and the court is directed to determine that issue and to modify the judgment in accordance with such determination upon the retrial of said issue, appellant to recover costs in this court.

A motion for a rehearing was denied, with $25 costs, on January 13, 1931.