APPLETON STATE BANK, Respondent, vs. NUSSBAUM and wife, Defendants: FULLER GOODMAN COMPANY, Appellant.

*December 7, 1933—January 9, 1934.*

*John Morgan* of Appleton, for the appellant.

For the respondent there was a brief by *Burton R. Manser,* of Appleton, attorney for the defendants Nussbaum, and by *Krugmeier & Witmer* of Appleton, attorneys for the Appleton State Bank, and oral argument by *Joseph Witmer*.

OWEN, J.  The defendants John P. Nussbaum and wife owned and occupied a certain forty acres of land in Outagamie county as their homestead.  The plaintiff bank was the owner of a second mortgage executed by the Nussbaums upon this property under date of June 23, 1924.  On October 23, 1931, the bank released this mortgage and took a

new mortgage on the same premises for $3,210, for the foreclosure of which this action was commenced.

During the years 1929 and 1930 the members of the Nussbaum family at home were Mr. and Mrs. Nussbaum, their sons Leonard and Raymond, and a daughter, Delia. Leonard worked part of the time in town, but was home in the evenings on the farm. Raymond had always lived at home and helped his father on the farm, but was paid no wages for his work. The boys wanted to stay at home. With this end in view, they conceived the idea of going into the poultry business as a commercial enterprise. They planned to raise broilers under a system whereby the small chicks are kept and raised in batteries of small compartments combined in a large brooder until ready to be marketed. They secured permission from their parents to, and did, erect a brooder necessary to accomplish their purposes on the forty acres above mentioned.

The defendant Fuller Goodman Company furnished a considerable portion of the materials that entered into the construction of this building. It did that pursuant to an express contract with the Nussbaum brothers. The Fuller Goodman Company never had any conversation, agreement, or arrangement with either Mr. or Mrs. Nussbaum with reference to the furnishing of or the paying for this material. Credit for the material furnished was extended exclusively to the boys. There is no question but that Mr. and Mrs. Nussbaum had personal knowledge of the fact that the boys were constructing this building upon their land. The enterprise was talked over in the family, the building was not far distant from the residence, and some of those working on the construction of the building boarded with Mr. and Mrs. Nussbaum. Fuller Goodman Company extended credit to the Nussbaum brothers for six months, it being thought that by that time they could make payments out of the proceeds of the enterprise, but the intervention

of a chicken disease made this impossible. On the 10th day of February, 1931, the Fuller Goodman Company filed a claim for lien on the forty acres mentioned with the clerk of the circuit court for Outagamie county. Said claim for lien alleged that "on and between the 30th day of June, 1930, and the 25th day of August, 1930, at the special instance and request of John P. Nussbaum and Barbara Nussbaum, his wife, Frank Nussbaum and Dorothy Nussbaum, his wife, and Raymond Nussbaum, (it) sold and furnished lumber and other building materials for the construction of a hen coop, amounting in the aggregate to the sum of $1,205.16, a true account of which materials so furnished is attached hereto, marked Exhibit 'A' and made a part hereof."

The trial court denied plaintiff's claim for a lien. The propriety of the judgment in this respect is defended by the respondents on various grounds, only one of which we deem necessary to consider. Sec. 289.08, Stats., provides that a claim for a mechanic's lien shall contain among other things "a statement of the contract or demand upon which it is founded, the name of the person against whom the demand is claimed," etc. The evidence in the case discloses that the contract was made by the claimant with the brothers Leonard and Raymond, and no one else. It entered into no contract with either John P. Nussbaum, Barbara Nussbaum, Frank Nussbaum, or Dorothy Nussbaum. The only person mentioned in its claim for lien with whom it had contractual relations was Raymond Nussbaum; and Leonard Nussbaum, with whom the evidence shows it contracted jointly with Raymond Nussbaum, is not mentioned in the claim for lien at all. That this is a fatal defect in the claim for lien is established by the cases of *Bertheolet v. Parker,* 43 Wis. 551; *Scott v. Christianson,* 110 Wis. 164, 85 N. W. 658; *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095; *Lentz v. Eimermann,* 119 Wis. 492, 97 N. W. 181.

True, the claim for lien might have been amended upon the trial. However, no motion to amend the claim for lien in this particular was made. In view of the fact that objection was made to the receipt of the claim in evidence, and in view of the further fact that the trial court denied the claim for lien, it cannot be considered that the claim was treated by the trial court as amended to conform to the proofs, as was done in *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095; *G. W. Hirth, Inc. v. Clybourn Realty Co.* 202 Wis. 432, 232 N. W. 857. There was a complete variance between the claim filed and the proof offered. It was not cured by amendment, either express or implied. To hold under the circumstances that the lien claimant is entitled to judgment would be to utterly disregard the plain provisions of the statute, which must be complied with in order to preserve the right to a mechanic's lien. For these reasons the judgment must be affirmed.

*By the Court.*—So ordered.