STERN, Appellant, vs. SCHLAFER and wife, Respondents.*

*October 15——November 9, 1943.*

*Motion for rehearing denied, without costs, on January 21, 1944.

*Walter Melchior* of Appleton, for the appellant.

For the respondents there was a brief by *E. W. Wendlandt* of New London and *Edward J. Hart* of Waupaca, and oral argument by *Mr. Hart.*

MARTIN, J.   The parties entered into a written contract whereby the plaintiff agreed to furnish all the labor and material necessary for the erection of a house for defendants in the city of New London, in conformity with plans and specifications prepared by defendants' architect, L. W. McCreedy, for an agreed consideration of $5,643; which amount defendants have paid.   A disagreement has arisen between the parties relative to certain omissions which defendants claim were covered in the original contract price, and certain extras claimed by plaintiff and furnished by him in excess of the calls of his contract.   The plaintiff's case is based solely upon his claims for extras furnished in the construction of defendants' residence.   Defendants' counterclaim, as stated above, is based upon alleged omissions of certain items which the contract covered, and damages resulting by reason of alleged defective workmanship.

The referee's findings as to items allowed and disallowed in the plaintiff's claim for extras are amply sustained by the evidence.   Defendants' architect, Mr. McCreedy, on cross-examination, was asked:

"*Q.* In fact everything in that house met with your complete approval?   *A.* Approximately so."

The defendant Wilmer Schlafer testified as follows in answer to questions by his own counsel:

"*Q.* Showing you defendants' Exhibit 3, Mr. Schlafer, are those a complete list of the items *that you are willing to allow and pay* for the respective amounts set after each item? *A.* Yes, sir.
"*Q.* That represents a total of $780.52?   *A.* Yes, sir."

The items on Exhibit 3, referred to in the above questions and answers, are all taken from the list of items claimed by

plaintiff as extras and are all included in the allowance of $955.88 made by the referee in his findings on the plaintiff's claim. Thus there is a difference of only $175.36 between the total amount allowed plaintiff under the referee's findings and the amount which defendants admit owing and are willing to pay.

However, the referee's allowance of $880.65 on defendants' counterclaim cannot stand because it is made on a wrong rule of damages. The correct rule, which should have been applied, was the worth of defendants' house in its present condition as compared to worth if properly built. We so held in the recent case of *Venzke v. Magdanz,* 243 Wis. 155, 160, 9 N. W. (2d) 604. The application of the wrong rule of damages necessitates a retrial of the action of the issues raised in the counterclaim. We see no occasion for a retrial of the issues on the plaintiff's cause of action.

It will serve no useful purpose to detail the items covered by the referee's allowance on the plaintiff's cause of. action. A careful study of the testimony as to the items allowed or disallowed leads us to conclude that the finding of $955.88 is in accord with the great weight and clear preponderance of the evidence. Since the court entered judgment in form for the difference between the amount found by the referee in favor of the plaintiff and the amount found in favor of the defendants on their counterclaim, namely, for the sum of $75.23 damages, plus $54.15 disbursements and $75 attorney fees, the judgment must be vacated and set aside. Entry of judgment on the plaintiff's cause of action will be deferred until a determination of the amount due defendants on their counterclaim.

*By the Court.*—Judgment reversed. Cause remanded with directions to vacate and set aside the judgment; and to enter an order for a new trial on defendants' counterclaim.

The following opinion was filed January 21, 1944:

MARTIN, J. (*on motion for rehearing*). The respondents have moved for a rehearing. They concede that the judgment should be reversed but contend that the new trial should be limited to certain items of the defendants' counterclaim.

The original opinion was based on the rule stated in *Venzke v. Magdanz,* 243 Wis. 155, 160, 9 N. W. (2d) 604. The rule there stated was too broadly applied in the instant case. The defendants' counterclaim for damages in that case arose out of defective workmanship. There are a number of small items in defendants' counterclaim of defects or omissions which would not require the reconstruction of a substantial part of the building. In reference to such items there is applicable the rule that "if the defect can be remedied without reconstructing a substantial part of the building or, as otherwise expressed, without great sacrifice of work or material already wrought into the building, the reasonable cost of correcting the defect should be allowed; if otherwise, the diminished value of the building, on the basis of the contract price, by reason of the defect." *Buchholz v. Rosenberg,* 163 Wis. 312, 314, 156 N. W. 946; *J. G. Jansen, Inc., v. Rilling,* 203 Wis.193, 198–200, 232 N. W. 887.

What may be regarded as the principal item of defendants' counterclaim is the damages caused by plaintiff's failure to waterproof the outside of the basement walls. Defendants claimed damages in the sum of $1,300; the referee allowed this claim at $315. By reason of the failure to waterproof the outside walls of the basement, it is alleged that damage resulted to the paneling on the wall of one of the rooms in the basement. There is a further claim for damages for failure to install cinders under the basement floor.

The damages in the last three mentioned claims should have been ascertained under the rule of *Venzke v. Magdanz, supra.* As to all other items of defendants' counterclaim the referee

applied the correct rule of damages, and we are of the view that his findings both as to items allowed and disallowed are sustained by the evidence, and that the new trial on defendants' counterclaim should be limited to the claims specifically mentioned where the wrong rule of damages was applied. Respondents' motion for a rehearing is denied without costs.