FULLERTON LUMBER COMPANY, Appellant, v. KORTH,
Executrix, and others, Respondents.

*March 3—March 31, 1964.*

For the appellant there were briefs and oral argument by *Eugene A. Bitters* of Ripon.

For the respondents there was a brief by *Worthing & Schneider,* and oral argument by *John Mickiewicz,* all of Fond du Lac.

BEILFUSS, J. (1) Is a materialman's lien asserted under sec. 289.02 (1), Stats., dependent upon the existence of a contract between the prime contractor and the owner of the premises under sec. 289.01 (4)?

(2) Does a materialman asserting a lien under sec. 289.02 (1), Stats., derive his title to the cause of action "from, through or under" a deceased owner so as to bring into play the provisions of the dead-man's statute, sec. 325.16?

Defendant-executrix contends that plaintiff may not avail itself of a statutory lien unless it proves an express contract between the deceased owner and the defunct contractor. This contention must be sustained. Sec. 289.02 (1), Stats., gives to a materialman "the lien and remedy provided by this chapter." The lien provided by ch. 289, Stats., is a contractor's lien. That lien is provided for in sec. 289.01 (2). Sec. 289.01 (4), provides:

*"Express agreement of owner.* This section does not give a lien upon the interest of any owner in land unless there is an express agreement between him and the contractor whereby such owner agrees to pay for or become responsible for the payment of the improvement."

If the relationship between the deceased and his son-in-law was solely that of landlord and tenant it seems clear that no lien can be asserted against the landlord's interest. However, plaintiff contends that the relationship was principal and agent.

Plaintiff also argues that deceased acquiesced in his son-in-law's contract because he was present at times when building materials were delivered and directed their placement on the

premises. At most, these facts might indicate apparent authority on the part of the son-in-law. But the lien statute requires an express agreement between the owner and the contractor. The agreement contemplated by the statute cannot be entered into by an agent on behalf of his principal unless the agent is acting within the scope of the authority actually delegated to him by the principal, or implied in his office if he is a corporate official. If such authority does not exist, a lien claimant must prove ratification on the part of the principal by showing conduct so unequivocal that it constitutes an express agreement by itself. *Engfer v. Roemer* (1888), 71 Wis. 11, 36 N. W. 618. Furthermore, unless the son-in-law purported to act as agent and not as principal in contracting with the construction company, there can be no ratification. 1 Restatement, Agency (2d), p. 217, sec. 85.

The fact that a person in possession of real estate is the son-in-law of the owner does not, as plaintiff contends, compel an inference that the relationship between owner and occupant is that of principal and agent. Cf. *Appleton State Bank v. Fuller Goodman Co.* (1934), 213 Wis. 662, 252 N. W. 281. However, plaintiff was foreclosed from developing an agency relationship by the trial court's application of the dead-man's statute, sec. 325.16.[1]

---

[1] (Examination of executrix by counsel for claimant.)

"*Q.* Now, you were aware of certain remodeling and construction that went on at the farm in October of 1960 in the dwelling were you not? *A.* Well, I seen it, sure.

"*Q.* In fact prior to the time it was started you and Mr. Korth and your daughter and husband talked about it, did you not?

"Mr. Worthing: I want to object as to the competency of the witness to give the right answer relating to any conversation with the deceased as a transaction with a deceased person and with the witness is not competent to answer under the statutes.

"...

"Court: It says 'no person, from, through or under whom a party derives his interest or title shall be examined as a witness in respect

The statute applies only "in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased . . . person." In our case the materialman derives his interest by the operation of the lien statute and not from, through, or under the deceased. *J. Romberger Co. v. Industrial Comm.* (1940), 234 Wis. 226, 290 N. W. 639 (workmen's compensation claim); *Olson v. State Farm Mut. Automobile Ins. Co.* (1947), 252 Wis. 37, 30 N. W. (2d) 196 (wrongful-death action). The executrix-wife of the deceased is not, therefore, incompetent as a witness and can be examined adversely. Moreover, there was here no effort to elicit testimony from the witness in her behalf or interest, rendering the statute inapplicable on that ground as well. *Habrich v. Industrial Comm.* (1929), 200 Wis. 248, 227 N. W. 877.

Defendant-executrix argues that plaintiff, in order to preserve the point on appeal, should have made an offer of proof when her objection was sustained. Cases such as *Spiegel v. Silver Lake Beach Enterprises* (1957), 274 Wis. 439, 452, 80 N. W. (2d) 401, and *Findorff v. Findorff* (1958), 3 Wis. (2d) 215, 88 N. W. (2d) 327, have required an offer of proof when this court cannot otherwise determine that the erroneous ruling was prejudicial.[2] Here there is no

to any transaction or communication by him personally with the deceased.' This statute is conjunctive. One isn't binding on the other. No person in his own behalf or interest or no person from, through or under whom a party derives his interest or title shall be examined as a witness. Therefore the objection will be sustained."

[2] "It is the rule as stated in 6 Jones, Commentaries on Evidence (2d ed.), p. 4998, sec. 2526, that:

"'When an objection to evidence is sustained and evidence is rejected, if prejudice to the party seeking to introduce the evidence is not self-apparent, in order to save the point on appeal it is necessary for such party to make his record by making an offer of proof of those matters of the proof of which he has been deprived by the ruling of the trial court.'"

need for defendant to make a record. The prejudicial effect of the ruling is self-evident.

Plaintiff mailed its lien notice to deceased's son-in-law. The notice provided that a lien was being claimed on property owned by the son-in-law. Defendant-executrix argues that the notice was sent to the son-in-law as owner of the property rather than as agent of the deceased. Thus notice was never given the owner within the statutory time. Defendant's contentions are answered in *G. W. Hirth, Inc., v. Clybourn Realty Co.* (1930), 202 Wis. 432, 232 N. W. 857, in which we held that a notice was sufficient if it came into the hands of the person who was an agent of the owner within the time period prescribed in the statutes. The fact that the owner was erroneously designated in the lien notice did not affect the outcome.

The critical point here is the existence of a contract between two parties who, themselves, are no longer in existence. The burden was on the plaintiff to show privity between the owner and the prime contractor. The existence of a contract between the son-in-law and the contractor is undisputed. If the plaintiff can show that the relationship between the deceased and his son-in-law was that of principal and agent, it may be possible, depending upon the proof adduced, to draw an inference that the agent entered into the contract within the scope of his authority.

What we have said disposes of the plaintiff's contention that the burden is on defendant-executrix to show that the deceased owner was in some way misled or deceived by insufficiency in the notice. No such burden arises until the plaintiff shows that it is entitled to a lien by proving the express agreement required by the statute.

*By the Court.*—Judgment reversed; cause remanded for a new trial.